SMITH et al. v. KRAUSE et al.

(Circuit Court, S. D. New York.   March 11, 1908.)

TRADE-MARKS—SUBJECTS—NOVELTY RIBBONS.
   The words "Merrie Christmas" printed on or woven in ribbons at inter-
vals are not the subject of a trade-mark, the words being an integral part
of the ribbon, which was evidently designed for use in tying Christmas
packages, and not merely a mark to identify the manufacturer.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trade-Marks and
Trade-Names, §§ 1–12.
   Arbitrary, descriptive, or fictitious character of trade-marks and trade-
names, see note to Searle & Hereth Co. v. Warner, 50 C. C. A. 323.]

T. F. Bourne, for complainants.
Dickerson, Brown & Raegener (Louis C. Raegener and S. L. Moody,
of counsel), for defendants.

HOLT, District Judge.   This suit was brought to restrain the al-
leged infringement of a registered trade-mark.   The statement filed in
the United States Patent Office claiming a trade-mark states that the
trade-mark, was registered May 8, 1906; that the trade-mark consists
of the words "Merrie Christmas"; that the class of goods to which the
trade-mark is appropriated is ribbons; and that the trade-mark is us-
ually displayed by weaving it in the goods, and by placing on the sides
of the rolls of ribbon and on the boxes in which the rolls of ribbon
are packed printed copies of the same words.   It appears that in 1905
complainants conceived the idea of manufacturing a ribbon, in the
body of which were woven, at regular intervals, the words "Merrie
Christmas," in a style of Old English script type.   The ribbons were
put up in packages of 10 yards in length, and the words "Merrie
Christmas" were woven into the ribbon with an interval of about 2
inches between each repetition.   On the side of each roll was also put
a label containing the name of Smith & Kaufman, the complainants,
and the words "Merrie Christmas" written in the same general style
as the words on the ribbon, and the words "Ribbon No. 2."   The de-
fendants thereafter brought out a cheaper ribbon, on which the words
"Merrie Christmas," written in similar Old English script, are printed
at intervals along the whole length of the ribbon, with about the same
space between each repetition as in the complainants' ribbon.   The
label put upon the side of the defendants' rolls of ribbon has printed
on it the words "Holly Ribbon Design."   There is nothing in the
labels placed by the defendants on the sides of their rolls of ribbon or
on their boxes which imitates the complainants' labels on their rolls
or boxes, but the words "Merrie Christmas" woven or printed at in-
tervals on the whole length of the ribbon itself are so similar as to
justify the inference that the defendants planned to print the words
on their ribbon with the intention to imitate as closely as possible the
complainants' ribbon.

This suit is not brought on the ground of unfair competition in
trade.   If it had been, this court would have no jurisdiction, because
the parties are all citizens of this state.   It is therefore unnecessary to
inquire whether the obvious imitation by the defendants of the com-

plainants' ribbon could be restrained on that ground. This suit is based exclusively on the theory that the defendants have infringed a trade-mark registered under the laws of the United States. The claim is that the words "Merrie Christmas," in an Old English style of type, and with the Old English spelling of the word "merry," placed at intervals upon a ribbon, constitute a trade-mark. I have no doubt that the term "Merrie Christmas" might be a trade-mark for a particular style of ribbon, and that, if the defendants had put a label on the rolls of ribbon, or on the boxes in which the ribbons were packed, containing the words "Merrie Christmas," and particularly if those words were such an exact imitation of the method of writing and spelling adopted by the complainants as the words upon the ribbon itself are, the defendants would be liable for infringement. But the defendants have not infringed in that way. The claim is that the words "Merrie Christmas," woven into the ribbon at intervals, are a trademark, and that the defendants and other people cannot be permitted to make a ribbon having those words woven into or printed upon it. But I do not think that such words put upon the ribbon itself, and constituting a part of it, are the subject of a trade-mark. A trade-mark ordinarily does not add anything to the value of the goods in the estimation of the buyer. It is simply a mark to identify the manufacturer of them. The evident object of putting upon the market a ribbon having the words "Merrie Christmas" on it was to enable persons desiring to send a Christmas gift to tie the package with a ribbon having a Christmas greeting upon it. Of course, a trade-mark is sometimes impressed upon the article sold, but I do not think that it ever properly constitutes an element of value in the thing itself. To the purchaser of such a ribbon, the fact that it has "Merrie Christmas" inscribed upon it adds a value to it over the value of a plain ribbon, for the purpose for which the purchaser wishes to use it, in putting it on a package containing a Christmas gift. No one would contend that the words "Merrie Christmas," placed upon boxes made to contain candy, to be sent as Christmas gifts, or placed upon a Christmas card, could be appropriated as a trade-mark by anybody, and I think that the right of anybody to place such words upon a ribbon is precisely analogous. When so placed, the ribbon becomes more valuable for the particular purpose of sending a Christmas gift. Anybody has the right to make such a ribbon, just as he has a right to make a Christmas box or a Christmas card, and, in my opinion, nobody, under the guise of adopting the words as a trade-mark, can obtain a monopoly for the manufacture of such goods. The truth is the words, when put on the ribbon, are not a trade-mark, but are an integral part of the ribbon, adding to its value. If it is possible for any one to get a monopoly of such a ribbon, it must be done by an application for a design patent; although, in my opinion, it is very doubtful whether such a patent would be valid. At all events, I am convinced that, under the guise of registering a trade-mark, no person can get a monopoly of the right to manufacture a ribbon with the words "Merrie Christmas" on it. It is claimed that the complainants can maintain the right to prevent the imitation of the peculiar antique style and spelling of the words, but neither the style nor the spelling adopted by the complainant, al-

though somewhat distinctive, is very peculiar or unusual. I have no doubt that the defendants intentionally imitated it, but that is immaterial, if such a use of a trade-mark is invalid. The question involved in this case seems to be novel. The only authority which has been called to my attention which seems to have any analogy to this case is the case of Lalande v. Appel, described in Browne on Trade-Marks, § 141. In that case it was held that tickets or labels composed and sold by a lithographic printer for general use by the purchasers, by being placed on bottles of liquors made by the purchasers, could not be considered as trade-marks. The court held that the tickets in question were the special objects of commerce, and therefore could not be regarded as trade-marks; that the mark itself cannot be an object of commerce; that as to a merchant using such a ticket by applying it to bottles containing the product of his manufacture, it may become a trade-mark, but as to the lithographers the tickets can be nothing but the special object of their industry.

My conclusion is that there should be a decree for the defendants, dismissing the bill on the merits, with costs.