## In re DOLLY VARDEN CHOCOLATE CO.

(Court of Appeals of District of Columbia. Submitted November 10. 1924. Decided December 1, 1924.)

No. 1651.

Trade-marks and trade-names and unfair competition ☯43—Words, "When Words Fail—Send," held not subject to registration as trade-mark for candy.

Words, "When Words Fail—Send," *held* not subject to registration as trade-mark for candy, not constituting a distinctive mark of authenticity, through which the particular candy may be distinguished from candy of other manufacturers.

Appeal from Commissioner of Patents.

In the matter of the application of the Dolly Varden Chocolate Company for registration of trade-marks. From a decision of the Commissioner of Patents, denying registration, applicant appeals. Affirmed.

W. F. Murray, of Cincinnati, Ohio, for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This appeal is from the decision of the Commissioner of Patents denying registration of the words "When Words Fail—Send" as a trade-mark for candy. The label accompanying the application bears the inscription, "When Words Fail Send Dolly Varden Chocolates."

Registration was refused, on the ground that the words do not constitute a technical trade-mark, since such a mark does not indicate origin or ownership of the article to which it is attached. Nor can it be appropriated by one person to the exclusion of another. In Elgin National Watch Co. v. Illinois Watch Case Co., 179 U. S. 665, 673, 21 S. Ct. 270, 45 L. Ed. 365, the court defined a trade-mark as "a distinctive mark of authenticity, through which the products of particular manufacturers or the vendible commodities of particular merchants may be distinguished from those of others. It may consist in any symbol or in any form of words, but, as its office is to point out distinctly the origin or ownership of the articles to which it is affixed, it follows that no sign or form of words can be appropriated as a valid trade-mark, which, from the nature of the fact conveyed by its primary meaning, others may employ with equal truth, and with equal right, for the same purpose."

The mark here sought to be registered falls far short of "a distinctive mark of authenticity." It not only fails to meet the requirements of the above definition, but it falls within the ruling of the Patent Office in refusing registration in the following cases. "Not Right—Write—Will Make Right," as a trade-mark for sawmill, shingle mill, etc., Ex parte Sumner Iron Works, 147 O. G. 237; "Good Candy—Nothing Else," as a trade-mark for candy, Ex parte Chocolate Products Co., 142 MS. Dec. 335; "Rim Wind" and "Rim Set," as trade-

marks for clocks, Ex parte Keyless Auto Clock Co., 142 MS. Dec. 250. This line of decision is sustained in Smith v. Krause (C. C.) 160 F. 270, where the words "Merrie Christmas" were held not to constitute a valid technical trade-mark for ribbon. In Ault & Wiborg v. Cheshire (C. C.) 191 F. 741, the court held that complainant, in unfair competition, was not entitled to the exclusive use of the words "No-Wash-Up" as applied to a printing roller.

The decision of the Commissioner of Patents is affirmed.