## SKELLY OIL CO. v. POWERINE CO.

### Patent Appeal No. 3711.

Court of Customs and Patent Appeals.

Dec. 21, 1936.

James Atkins, of Washington, D. C., for appellant.

Harry F. Riley, of Washington, D. C. (G. J. Rollandet, of Denver, Colo., and George C. Shoemaker, of Washington, D. C., of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

The appellant, hereinafter referred to as "applicant," filed its application with the United States Patent Office, for the registration of its trade-mark "Powermax" for gasoline. The appellee, hereinafter referred to as "opposer," opposed the registration on the ground of its prior use and ownership of the trade-mark "Powerine" on identical goods.

The Examiner of Interferences dissected the marks, pointed out that the first two syllables of each of the marks was the term "Power" and the last syllables were "ine" and "max," respectively; that the differences in the marks and not the resemblances formed the basis for distinguishing between the two marks; and that the word "Power" had a descriptive significance.

The Commissioner of Patents reversed the decision of the Examiner of Interferences, holding that in determining the question of likelihood of confusion the marks as a whole had to be considered, and that when considered, in view of the fact that the predominating part of both marks was identical, and that the marks were words of equal syllables, and "in sound, appearance, and significance are similar," confusion would be likely to result. The commissioner emphasized the fact that gasoline is merchandise in the purchase of which there is frequently little care exercised.

As between the parties hereto, the prior use and ownership of the mark "Powerine" by the opposer is conceded. The use of the mark "Powerine" by opposer and its predecessor began in 1912, while applicant's first use of its mark was in 1933.

The applicant has appealed here and points out that under the stipulated facts the terms "Powerite," "Powerlene,"

"Powero," "Powerflash," "Powerfuel," and "Powerized" were in use and registered in the Patent Office as trade-marks for gasoline at the time it adopted its mark. Applicant argues that in view of the fact that the term "Power" was a descriptive term which any one had the right to use and which was extensively used, the public would distinguish the marks of the parties hereto solely from the suffixes "ine" and "max." It argues that this and other courts have held that it is proper to disassociate the descriptive part of a trade-mark from the remainder of the same and to ignore the former in determining whether or not there is likelihood of confusion.

We think the commissioner arrived at the correct conclusion and are of the opinion that the decision of this case is controlled by four well-settled principles, which we enumerate as follows:

[1] First. In determining the similarity of trade-marks and the likelihood of confusion resulting from the concurrent use thereof, dissection of the marks is improper. The marks must be viewed in their entirety. Celotex Co. v. Arthur Edward Millington, 49 F.(2d) 1053, 18 C.C.P.A.(Patents) 1484; Apex Electrical Mfg. Co. v. Landers, Frary & Clark, 41 F.(2d) 99, 17 C.C.P.A.(Patents) 1184; Pepsodent Co. v. Comfort Mfg. Co., 83 F.(2d) 906, 23 C.C.P.A.(Patents) 1224.

Second. In a proceeding of this character, the Patent Office and this court must regard a registered trade-mark as valid, and if the mark of the applicant is so similar to the registered mark as to be likely to lead to confusion, the fact that the registered mark or a portion of it may be descriptive in character affords no justification for disregarding the similarity in passing upon the right to register. California Canneries Co. v. Lush'us Products Co., 49 F.(2d) 1044, 18 C.C.P.A.(Patents) 1480; Richard Hellman, Inc., v. Oakford & Fahnestock, 54 F.(2d) 423, 19 C.C.P.A.(Patents) 816; Walgreen Co. v. Godefroy Mfg. Co., 58 F.(2d) 457, 19 C.C.P.A.(Patents) 1150; Helzberg v. Katz & Ogush, Inc., 73 F.(2d) 626, 22 C.C.P.A.(Patents) 768.

Third. An applicant does not strengthen his own case in arguing for the right to register by pointing out that a portion of the word is publici juris, and that others have been permitted to register similar words. National Biscuit Co. v. Sheridan, 44 F.(2d) 987, 18 C.C.P.A.(Patents) 720; Sharp & Dohme v. Parke, Davis & Co., 37 F.(2d) 960, 17 C.C.P.A.(Patents) 842; Leschen & Sons Rope Co. v. American Steel & Wire Co., 55 F.(2d) 455, 19 C.C.P.A.(Patents) 851.

Fourth. Doubts should be resolved against the newcomer. Sutter Packing Co. v. Piggly Wiggly Corporation, 64 F.(2d) 1006, 20 C.C.P.A.(Patents) 1069.

Applicant relies upon the case of S. R. Feil Company v. John E. Robbins Company (C.C.A.) 220 F. 650, involving "Sal-Vet" and "SalTone." This was an infringement suit and has no bearing upon the question of the meaning to be given the registration statute. We have frequently held that the "dominant purpose of the part of the section here involved is the prevention of confusion and deception." B. F. Goodrich Co. v. Clive E. Hockmeyer et al., 40 F.(2d) 99, 102, 17 C.C.P.A.(Patents) 1068; California Packing Corporation v. Tillman & Bendel, Inc., 40 F.(2d) 108, 17 C.C.P.A.(Patents) 1048. Regardless of any consideration of descriptiveness of the registered mark, we are sure that Congress never intended for a mark to be registered and thus give prima facie assurance of its validity, if it was so similar to the mark of another, used upon goods of the same descriptive properties, as to confuse and mislead the public as to the origin of the goods. In equity, the parties ofttimes get themselves into such a position that there is no way to prevent resulting confusion from the concurrent use of similar marks. Applicant's contention amounts to arguing that since the registrations in the Patent Office show that there is already confusion, it should be permitted to further confuse the public.

Applicant also cites several decisions of the Court of Appeals of the District of Columbia which it maintains support its position that the suffixes of the marks alone must be considered in determining similarity, and among such cases is that of Franklin Knitting Mills, Inc., v. Kassman & Kessner, Inc., 56 App.D.C. 348, 13 F.(2d) 319, involving the marks "Fashion Park" and "Fashionknit." In that case it was held that the word "Fashion" was not subject to appropriation, but it was held in substance that the marks as a whole were not in conflict. One mark contained two words, while the other contained only one word.

Applicant relies for supporting authority, as did the Examiner of Interferences, upon this court's decision in Duro Pump & Mfg. Co. v. Thomas Maddock's Sons Co., 36 F.(2d) 1005, 1007, 17 C.C.P.A. (Patents) 785, which involved the trade-marks "Duro" and "Durock," and it was there held that there was no likelihood of confusion resulting from the similarity of the marks when used upon lavatories and plumbing fixtures, on the one hand, and upon pneumatic water systems, electric motors, etc., on the other. We there said: "However, taking into consideration the differences in the marks and the dissimilarity of the goods on which the respective marks are used, we are of opinion that the use of the mark 'Durock' will not be likely to cause confusion or mistake in the mind of the public." The situation which confronts us in the case at bar is different.

Applicant further relies upon the decision of this court in Rosenberg Bros. & Co. v. Wetherby-Kayser Shoe Co., 37 F. (2d) 437, 17 C.C.P.A.(Patents) 794, which involved the trade-marks "Fashion Lane" and "Fashion Park." We there held that the marks were not confusingly similar, and it was pointed out that the principal point of similarity was the descriptive word "Fashion."

Subsequent to our decision in the Rosenberg Bros. & Co. Case, supra, we held, in Fashion Park, Inc., v. The Fair, 49 F. (2d) 830, 831, 18 C.C.P.A.(Patents) 1399, that the marks "Fashion Row" and "Fashion Park" were confusingly similar and there discussed the Rosenberg Bros. & Co. Case, supra, and stated: "While the court held, in that case, that the marks 'Fashion Park' and 'Fashion Lane' were not so similar as to cause confusion, when applied to the goods upon which the respective marks were used, it is clear that, had said marks been used upon identical goods, as in the case at bar, a different question would have been presented."

We are of the opinion that when the marks at bar are viewed as a whole there is much similarity between them, and that if used concurrently upon goods of the same descriptive properties, and especially gasoline, confusion as to the origin of the merchandise would be likely to result.

In Derby Oil Co. v. White Star Refining Co., 62 F.(2d) 984, 20 C.C.P.A.(Patents) 816, we pointed out that gasoline was almost exclusively sold at service and filling stations and that modern traffic moves rapidly and that a customer desiring to purchase gasoline is attracted to symbols and signs on service stations and pumps. Gasoline is purchased by casual purchasers who usually must or do act quickly. There is in the record a picture of a gasoline pump showing the word "Powerine" thereon, the "ine" being turned away from the eyes of the observer in such a way that it is difficult to quickly determine whether the word is "Powerine" or "Powermax."

A vast field of words, phrases, and symbols is open to one who wishes to select a trade-mark to distinguish his product from that of another. Unquestionably in our ever-increasing complex business life, the trend of modern judicial decisions in trade-mark matters is to show little patience with the newcomer who in adopting a mark gets into the border-line zone between an open field and one legally appropriated to another. As between a newcomer and one who by honest dealing has won favor with the public, doubts are always resolved against the former.

The decision of the Commissioner of Patents is affirmed.

Affirmed.