39 C.C.P.A.(Patents).
F. JACOBSON & SONS, Inc. v. JAYBERN FABRICS, Inc.

Patent Appeal No. 5863.

United States Court of Customs
and Patent Appeals.
April 8, 1952.

Johnson, J., dissented.

J. T. Basseches, New York City, for appellant.

Morris Kirschstein, New York City, for appellee.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, Judges.

WORLEY, Judge.

This is an appeal from the decision of the Commissioner of Patents, 87 U.S.P.Q. 114, in a trade-mark opposition proceeding in which the commissioner reversed the decision of the Examiner of Trade-Mark Interferences who had sustained the opposition of opposer.

It appears from the record that Jaybern Fabrics, Inc., hereinafter referred to as applicant, applied for registration under the Lanham Act, Trade-Mark Act of 1946, of the word "Jaybern," serial No. 535,041, filed September 19, 1947, for use on "* * * Piece Goods Consisting of Wool, Cotton, Rayon and Mixtures Thereof." It alleged that the mark had been used on its goods since 1944.

In its notice of opposition, F. Jacobson & Sons, Inc., hereinafter referred to as opposer, alleged use and ownership of four prior registrations, one of which consists of the word "Jayson," registered August 5, 1941, for use on "Men's Collars and Cuffs, Men's Dress and Negligee Shirts With Attached Collars or With Matched, Detached Collars, and Men's Pajamas." The identical mark was likewise registered October 10, 1944, for use on "Ladies' Sportswear and Play Clothes—Namely, Tennis Dresses, Badminton Dresses, Slacks, Shorts, Sports Dresses, Sun-Back Dresses, Blouses, and Sports Shirts—." The August 5, 1941, registration of the word "Jayson" as well as the October 10, 1944 registration was prior to the date of first use of its mark alleged by applicant, therefore, there is no question of first use herein.

Neither party took testimony but both parties submitted briefs before oral argument here.

In sustaining the notice of opposition, the Examiner of Trade-Mark Interferences stated "The goods for which applicant seeks registration comprises piece goods adapted for use in the manufacture of articles of clothing of the kind sold by the opposer; and it has long been recognized that products in these two categories are so inseparably related in character that the sale thereof under the same or confusingly similar trade-marks would be likely to cause confusion or deception of purchasers. Ex parte Graymoor Fashions, Inc., 79 USPQ 423; The Enro Shirt Company v. Raytron Fabrics, Inc., 75 USPQ 362; and cases therein cited. The applicant in effect takes the position that, in the absence of evidence upon the point, it is improper here to assume that its piece goods are in fact adapted for use

in making garments. The applicant's goods, however, for the purpose of this case must be regarded as including all goods reasonably falling within the scope of the broad description thereof contained in its application. General Foods Corp. v. Casein Co. of America, Inc., 515 O.G. 562, 108 F.2d 261, [27 C.C.P.A., Patents, 797], Remington Rand, Inc. v. Rex-O-Graph, Inc., 73 USPQ 118; Standard Oil Co. of N. J. v. Eddington Metal Specialty Co., 77 USPQ 399; Ex parte Graymoor Fashions, Inc., supra. And the piece goods so described obviously comprise fabrics customarily employed in making the identical items of wearing apparel sold by the opposer."

He further held that the marks themselves were too closely alike to enable their concurrent use upon the involved goods without reasonable likelihood of confusion or deception of purchasers.

In reversing the examiner, the Commissioner of Patents held that the involved goods were specifically different; that there was no evidence that the goods were sold to the same class of purchasers; that the marks themselves could not be confused; and that there was no evidence to show likelihood of confusion.

The question before us is, of course, as was stated by the commissioner, " * * * whether the mark of the applicant so resembles a mark of the opposer as to be likely, when applied to the goods of the applicant, to cause confusion or mistake or to deceive purchasers."

To us the words "Jason" and "Jaybern" appear to be quite similar. It is to be noted that each consists of two syllables; that the first syllable in each mark is identical with the other; that the last letter in the last syllable of each is an "n;" and that both marks are written in script; moreover, it is to be noted that both corporations here involved are located in the city of New York, New York; and that both operate in intrastate as well as interstate commerce.

 The above facts, considered in their entirety, create a doubt in our minds that the use of applicant's mark would not result in confusion on the part of the purchasing public. We feel that such doubt should be resolved in favor of the opposer and against the newcomer to the field. Skelly Oil Co. v. Powerine Co., 86 F.2d 752, 24 C.C.P.A., Patents, 790; G. H. Packwood Manufacturing Company v. Cofax Corporation, 183 F.2d 196, 37 C.C.P.A., Patents, 1195.

Under the facts herein, it is our opinion that the decision of the Commissioner of Patents should be, and it is hereby, reversed.

Reversed.

JOHNSON, J., dissents.

JACKSON, J., sat during the argument in this case but retired April 1, 1952, before the opinion was fully prepared. He was recalled in conformity with Section 294(c), (d), Title 28 U.S.C., to participate in the decision and did so.