48 CCPA

**RANK CINTEL LIMITED, Appellant,**

v.

**KAY LAB, Appellee.**

**Patent Appeal No. 6661.**

United States Court of Customs and Patent Appeals.

April 14, 1961.

Hane & Nydick, New York City (Frederick E. Hane, New York City, of counsel), for appellant.

Lyon & Lyon, Leonard S. Lyon, Los Angeles, Cal. (Charles G. Lyon, Los Angeles, Cal., of counsel), for appellee.

Before WORLEY, Chief Judge, RICH, MARTIN and SMITH, Judges, and Judge WILLIAM H. KIRKPATRICK.[*]

WORLEY, Chief Judge.

This is an appeal from the decision of the Trademark Trial and Appeal Board

[*] United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate *in place of* Judge *O'CONNELL*, pursuant to provisions of Section 294(d), Title 28, United States Code.

dismissing a petition filed by appellant, Rank Cintel Limited, to cancel a 1957 trademark registration [1] of appellee, Kay Lab, now known as Cohn Electronics, Inc.

The mark sought to be cancelled is Kintel for

"Electronic Instruments, Particularly Amplifiers, Power Supplies, and Industrial Television * * *."

Appellant alleges damage from the proposed registration in view of its 1950 and 1951 registrations of Cintel for

"Photo-Electric Cells, Cathode Ray Tubes, and Radio and Television Receiving and Transmitting Apparatus." [2]

and for

"Scientific Instruments and Electronic Appliances for Use in Industry—Namely, Oscilloscopes and Parts Thereof, Metal Detectors, Electronic Counters, Electronic Timers, Apparatus for Counting Radiations and Particles, Oscillators, Single Channel and Multi-Channel Cathode Ray Oscillographs, and Signal and Test Generators Covering Any Frequency Range, and Electrical Bridges for Measuring Frequency and for Measuring Resistance, Capacitance, Inductance, Admittance, or Conductance or Any of These in Combination, * * *." [3]

The sole issue is whether the instant marks so resemble one another as, when applied to the respective goods of the parties, to likely result in confusion, mistake or deception among purchasers within the meaning of Section 2(d) of the Lanham Act, 15 U.S.C.A. § 1052(d).

The single witness for appellee, one Silberman, president of the Kintel Division of Cohn Electronics, testified that Kintel is used on specialized electronic instruments such as D. C. amplifiers, differential amplifiers, digital voltmeters, and industrial closed circuit television which are sold primarily to military es-tablishments or their direct subcontractors. Selling prices vary from $250 for the D. C. amplifier to a $3,000 to $5,000 minimum range for its closed circuit television system.

Appellant took no testimony, relying on its registrations and cross-examination of Silberman.

The board was of the opinion that the respective products were different; that there was nothing to show that they moved in the same trade channels or were bought by the same class of purchasers. It found that appellee's goods are sold by, as well as to, technically trained people, and concluded that there was no likelihood of purchaser confusion.

We are unable to agree with that conclusion. Appellant argues, and we think correctly, that the issue should be decided primarily on the basis of the goods enumerated in the respective registrations. Sears, Roebuck & Co. v. Hofman, 258 F.2d 953, 46 CCPA 708.

There can be no doubt that the goods enumerated in appellee's registration are, at least in part, the same as those described in appellant's application; thus the similarity of the two marks becomes decisive.

It is obvious that Cintel and Kintel are identical except for the initial letters "C" and "K." Even assuming, as appellee urges, that the "C" would be soft as opposed to the hard enunciation of "K," we think the marks, both arbitrary in nature, are so nearly identical as to result in that likelihood of confusion contemplated by Section 2(d), if concurrently used on the goods of the respective parties. At least, should there be doubt on that score, we feel obliged to resolve it against the newcomer. F. Jacobson & Sons, Inc. v. Jaybern Fabrics, Inc., 195 F.2d 926, 39 CCPA 937. Under such circumstances it is necessary to *reverse* the decision appealed from.

Reversed.

1. Reg. No. 653,355.

2. Reg. No. 535,442.

3. Reg. No. 546,519.