AMERICAN STEEL FOUNDRIES *v.* ROBERTSON, COMMISSIONER OF PATENTS, AND SIMPLEX ELECTRIC HEATING COMPANY.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

No. 291.   Argued April 19, 1923.—Decided May 21, 1923.

1. Under § 9 of the Trade Mark Act, which provides that an appli-
cant for registration of a trade-mark, if dissatisfied with the
decision of the Commissioner of Patents, may appeal to the Court
of Appeals of the District of Columbia, on complying with the
conditions required in case of an appeal from the decision of the
Commissioner by an applicant for a patent, and that "the same
rules of practice and procedure shall govern in every stage of
such proceedings, as far as the same may be applicable," a party
whose application for registration of trade-mark has been rejected
by the Commissioner and the Court of Appeals, has the remedy
by bill in equity granted to unsuccessful applicants for patent
by Rev. Stats., § 4915.   P. 212.
2. *Held,* that the District Court for the Northern District of Illi-
nois had jurisdiction of this suit, against the Commissioner of
Patents and an intervening party, to determine the plaintiff's
right to have a trade-mark registered.
Reversed.

APPEAL from a decree of the District Court dismissing a bill for registration of trade-mark, for lack of jurisdiction.

*Mr. George L. Wilkinson,* with whom *Mr. Henry M. Huxley* was on the brief, for appellant.

*Mr. Solicitor General Beck* and *Mr. Assistant Attorney General Lovett* submitted the case without brief or argument, on behalf of the Commissioner of Patents, appellee.

*Mr. Nathan Heard* for Simplex Electric Heating Company, appellee.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

This is a direct appeal under § 238 of the Judicial Code from a decree of the District Court of the United States for the Northern District of Illinois dismissing a bill in equity. The District Judge certifies that the motion to dismiss the bill was sustained solely for lack of jurisdiction.

The bill was filed by the appellant, the American Steel Foundries, against the Commissioner of Patents to secure an adjudication that the appellant is entitled to have its trade-mark " Simplex " registered and authorizing the Commissioner of Patents to register the same. The Commissioner appeared as defendant and by stipulation the Simplex Electric Heating Company was allowed to intervene as the real party in interest. The bill averred that the American Steel Foundries had duly filed an application in the Patent Office for the registration, that the Examiner of Trade Marks had refused the application, that the Commissioner of Patents had affirmed this refusal, and that, on appeal, the Court of Appeals of the District of Columbia had affirmed the action of the Commissioner, that a petition for certiorari had been filed in this Court and granted, and that thereafter the cause

was dismissed by this Court for lack of jurisdiction, on the ground that the decree of the Court of Appeals was not a final one.

The appellant then filed this bill under § 9 of the Trade Mark Act of February 20, 1905, c. 592, 33 Stat. 724, and § 4915, Rev. Stats. The intervener based its motion to dismiss on the lack of jurisdiction " over the subject matter or alleged cause of action," and the motion was granted without opinion.

Section 9 of the Trade Mark Act reads as follows:

" Sec. 9. That if an applicant for registration of a trade-mark, or a party to an interference as to a trade-mark, or a party who has filed opposition to the registration of a trade-mark, or party to an application for the cancellation of the registration of a trade-mark, is dissatisfied with the decision of the Commissioner of Patents, he may appeal to the court of appeals of the District of Columbia, on complying with the conditions required in case of an appeal from the decision of the Commissioner by an applicant for a patent, or a party to an interference as to an invention, and the same rules of practice and procedure shall govern in every stage of such proceedings, as far as the same may be applicable."

Section 4915 of the Revised Statutes reads as follows:

" Sec. 4915. [Patents obtainable by bill in equity.] Whenever a patent on application is refused, either by the Commissioner of Patents or by the Supreme Court of the District of Columbia upon appeal from the Commissioner, the applicant may have remedy by bill in equity; and the court having cognizance thereof, on notice to adverse parties and other due proceedings had, may adjudge that such applicant is entitled, according to law, to receive a patent for his invention, as specified in his claim, or for any part thereof, as the facts in the case may appear. And such adjudication, if it be in favor of the right of the applicant, shall authorize the

Commissioner to issue such patent on the applicant filing in the Patent-Office a copy of the adjudication, and otherwise complying with the requirements of law. In all cases, where there is no opposing party, a copy of the bill shall be served on the Commissioner; and all the expenses of the proceeding shall be paid by the applicant, whether the final decision is in his favor or not."

The question in this case is whether the closing words of § 9 " and the same rules of practice and procedure shall govern in every stage of such proceedings, as far as the same may be-applicable ", are broad enough in their scope to include the " remedy by bill in equity " granted to unsuccessful applicants for a patent in § 4915.

In *Gandy* v. *Marble*, 122 U. S. 432, an unsuccessful applicant for a patent who had carried his application by appeal to the Supreme Court of the District, which was dismissed on its merits January 30, 1880, on May 3, 1883, filed a bill in equity in the District Supreme Court under § 4915 against the Commissioner of Patents. That court dismissed the bill on the ground that the applicant had failed to prosecute his application within two years after the dismissal of his appeal from the Commissioner by the Supreme Court of the District, basing it on § 4894 of the Revised Statutes, reading as follows:

" Sec. 4894. All applications for patents shall be completed and prepared for examination within two years after the filing of the application, and in default thereof, or upon failure of the applicant to prosecute the same within two years after any action therein, of which notice shall have been given to the applicant, they shall be regarded as abandoned by the parties thereto, unless it be shown to the satisfaction of the Commissioner of Patents that such delay was unavoidable."

This section applies to proceedings in the Patent Office and before the Commissioner, and it was pressed upon this Court that it could not apply to such an independent

proceeding as the bill in equity provided for in § 4915. But this Court held that § 4894 did apply. Mr. Justice Blatchford, speaking for the Court, admitted (p. 439), following *Butterworth* v. *Hoe,* 112 U. S. 50, 61, that the proceeding by bill in equity, under § 4915 " intends a suit according to the ordinary course of equity practice and procedure, and is not a technical appeal from the Patent Office, nor confined to the case as made in the record of that office, but is prepared and heard upon all competent evidence adduced and upon the whole merits," but continued, " yet the proceeding is, in fact and necessarily, a part of the application for the patent." He summed up the conclusion of the Court as follows (p. 440):

" The presumption of abandonment, under § 4894, unless it is shown that the delay in prosecuting the application for two years and more after the last prior action, of which notice was given to the applicant, was unavoidable, exists as fully in regard to that branch of the application involved in the remedy by bill in equity as in regard to any other part of the application, whether so much of it as is strictly within the Patent Office, or so much of it as consists of an appeal to the Supreme Court of the District of Columbia under § 4911. The decision of the court on a bill in equity becomes, equally with the judgment of the Supreme Court of the District of Columbia on a direct appeal under § 4911, the decision of the Patent Office, and is to govern the action of the Commissioner. It is, therefore, clearly a branch of the application for the patent, and to be governed by the rule as to laches and delay declared by § 4894 to be attendant upon the application."

This view of the intimate relation of the bill in equity allowed in § 4915 to the application for a patent and the practice and procedure provided in due course thereof is of much assistance in giving proper scope to the words of § 9 of the Trade Mark Act. After making provision for

an appeal to the District Court of Appeals from a simple refusal of registration, and from decisions of the Patent Office in three different kinds of adversary proceedings therein in respect of such registration, on complying with the conditions required in case of an appeal from refusal of a patent or a decision in a patent interference proceeding, the words are " and the same rules of practice and procedure shall govern in every stage of such proceedings, as far as the same may be applicable." If the bill in equity of § 4915 is only a part of the proceeding for an application for a patent as held in *Gandy* v. *Marble,* it is no straining of the language to make these words include a bill in equity for the registration of a trade-mark. This Court has taken exactly this view in *Atkins & Co.* v. *Moore,* 212 U. S. 285. In that case it was held that a decision of the Court of Appeals of the District of Columbia affirming the decision of the Commissioner of Patents refusing registration of a trade-mark on an appeal under § 9 of the Trade Mark Act was not a final judgment of the Court of Appeals which could be appealed to this Court, and in the argument to show that it was not, Chief Justice Fuller, who spoke for the Court, said (p. 291):

" Under § 4914 of the Revised Statutes no opinion or decision of the Court of Appeals on appeal from the Commissioner precludes ' any person interested from the right to contest the validity of such patent in any court wherein the same may be called in question,' and by § 4915 a remedy by bill in equity is given where a patent is refused, and we regard these provisions as applicable in trade-mark cases under § 9 of the Act of February 20, 1905."

This language is quoted with approval in the opinion of this Court in *Baldwin Co.* v. *Howard Co.,* 256 U. S. 35, in which it was held that there could be no review in this Court, by appeal or certiorari, of a decision of the District Court of Appeals in respect to the registration of a trade-mark under § 9 of the Trade Mark Act.

It is pressed upon us, however, that this language in *Atkins & Co.* v. *Moore* and in *Baldwin Co.* v. *Howard Company,* was not necessary to the conclusion in those cases and is to be regarded as *obiter dictum.* It was used *in arguendo* and was the unanimous expression of the Court in both cases. It may be that the conclusion that the decision of the Court of Appeals was not final and appealable to this Court could have been reached without this argument; but, however this may be, the construction put by the Court on § 9 is most persuasive and follows so clearly from the decision in *Gandy* v. *Marble,* that we find no reason to question its correctness.

An argument has been made to us against giving such an effect to § 9 based on the intrinsic differences between the nature of the patent right, and that in a trade-mark. We do not regard such differences as important in interpreting § 9 when it is obvious from that section and the whole of the Trade Mark Act that Congress intended to produce a parallelism in the mode of securing these two kinds of government monopoly from the Patent Office.

*The decree of the District Court is reversed and the case is remanded for further proceedings.*