**GOODYEAR TIRE & RUBBER CO. v. ROBERTSON, Commissioner of Patents.**

Circuit Court of Appeals, Fourth Circuit.

April 10, 1928.

No. 2659.

Trade-marks and trade-names and unfair competition ⚖=43—Device consisting of diamond-shaped projections to be impressed on tread of automobile tires, held not registerable (Trade-Mark Act 1905, § 5 [15 USCA § 85]).

Under Trade-Mark Act 1905, § 5 (15 USCA § 85) providing that "no mark, which consists merely in * * * devices which are descriptive of the goods with which they are used, * * * shall be registered," a device which consists of a series of diamond-shaped projections or blocks designed to be used or impressed on the tread of automobile tires, and which is a mechanically functional feature of the tire, is not registerable.

Appeal from the District Court of the United States for the District of Maryland, at Baltimore; Morris A. Soper, Judge.

Suit in equity by the Goodyear Tire & Rubber Company against Thomas E. Robertson, Commissioner of Patents. Decree for defendant, and complainant appeals. Affirmed.

For opinion below, see 18 F.(2d) 639.

Archibald Cox, of New York City (R. S. Trogner, of Akron, Ohio, William Pepper Constable, of Baltimore, Md., and William G. Henderson, of Washington, D. C., on the brief), for appellant.

T. A. Hostetler, Sol. U. S. Patent Office, of Washington, D. C. (J. F. Mothershead, of Washington, D. C., on the brief), for appellee.

Before WADDILL and PARKER, Circuit Judges, and WEBB, District Judge.

WADDILL, Circuit Judge. A bill in equity was filed in this cause in the United States District Court for the District of Maryland to require the Commissioner of Patents of the United States to register a trade-mark under the Trade-Mark Act in accordance with an application theretofore filed by the complainant in the Patent Office on July 27, 1921. The bill was filed pursuant to the provisions of section 9 of the Trade-Mark Act of February 20, 1905 (33 Stat. 727 [15 USCA § 89]; Rev. St. § 4915, U. S. Comp. St. 1916, § 9460 [35 USCA § 63]), and the action taken was in accordance with the ruling of the Supreme Court of the United States in American Steel Foundries v. Robertson, 262 U. S. 209, 43 S. Ct. 541, 67 L. Ed. 953.

The application thus filed in the Patent Office set forth and alleged that the trade-mark sought to be registered was designed for use upon vehicle tires composed of rubber or rubber and fabric, the same being described as follows:

"The distinctive and distinguishing features of the trade-mark comprise a series of circumferentially disposed, outstanding blocks or elements, approximately diamond-shaped, and spaced by a series of grooves or lines which intersect each other at right angles, the blocks or elements being aligned on parallel cross-planes.

"The trade-mark is impressed or otherwise formed in the tread surface of the goods, or by printing it on the cover, container, or wrapper of the goods, or by attaching to the goods or to the wrapping thereof a tag or label bearing the mark."

The Patent Office rejected the application and denied the registration of the mark on the ground that the design was a part of the tire itself, and intended to prevent skidding of the tire, and that, while probably the tread of the tire had become so well known as to indicate the product of the applicant, this was immaterial, since there was no evidence to show that the design was originally adopted solely for trade-mark purposes. From this ruling of the Commissioner an appeal was taken to the Court of Appeals of the District of Columbia (55 App. D. C. 400, 4 F. [2d] 1013), and that court affirmed the action of the Patent Office, saying in a memorandum opinion:

"The diamond-shaped projections, which appellant claims as a trade-mark, are clearly descriptive of the goods on which they are used, since they form a very essential part of the goods itself. In other words, these projections are molded on the face of a rubber tire, either to enhance the wear, or to prevent skidding, or both. Section 5 of the Trade-Mark Act of 1905 [15 USCA § 85] among other things provides that 'no mark, which consists merely in * * * devices which are descriptive of the goods with which they are used, * * * shall be registered.' As suggested in brief of counsel for the Patent Office, 'the most accurate way of describing an article is possibly by the article itself.'"

Notwithstanding these rulings, the complainant, in its bill filed in this cause pursuant to the provisions of the federal statutes aforesaid, insists that it is entitled to the relief prayed for, and urges that it is not seeking to register the article itself, that is, the tire, but only such portion thereof as is indicated by the petition, which is composed of a tread pattern of diamond-shaped rubber

figures. It is apparent that the words used in the application actually describe the trade-mark sought to be registered, and that the same may be applied to anything without affording the slightest information as to its nature or quality. Section 5 of the Trade-Mark Act (33 Stat. p. 725, supra) contemplates that even the name of an individual may be a trade-mark, if written, printed, impressed, or woven in some particular or distinctive manner; and it has been decided that it is no objection to the validity of an otherwise good mark that it is impressed upon or inherent in the article manufactured, as in the case of water-marks upon paper, a word or symbol blown into a glass bottle or jar, or an arbitrary mark on the head of a horseshoe nail. Samson Cordage Works v. Puritan Cordage Mills (C. C. A.) 211 F. 603-605, L. R. A. 1915F, 1107, and cases cited therein.

A careful consideration of this case demonstrates that complainant does not seek to register a certainly specified mark as an arbitrary symbol indicative of origin of the product, apart from the tire itself, but a mark which, if not an essential, at least is an important, part thereof, that is to say, the outstanding diamond-shaped blocks disposed circumferentially upon the tire, so as to form the tread. In an attempt to register a trade-mark, applicable to automobile tires, the words "diamond-shaped tread" are manifestly descriptive of the goods. To adopt the diamond-shaped tread itself will not better convey the idea. The prohibition of section 5 of the Trade-Mark Act against the registration of descriptive words is unqualified, and does not authorize their registration, if adopted to indicate origin, or if publicly used for any particular period of time. No matter how long the use continues, the mark will never become a technical trade-mark. In this case the appellant had long used its Goodyear tire. The diamond tread, presenting a broken surface molded into rubber, does tend to prevent slipping and skidding; but that particular feature was not an essential element, since any rough or broken tread would have the same effect, and the size, shape, and arrangements of projections and impressions may vary within wide limits, without affecting their use or operation. Registration as a trade-mark under these circumstances would not cure its invalidity, because the inhibition against such registration is unqualified under section 5 of the Trade-Mark Act. Here we have an effort to register an alleged trade-mark, consisting of something which is a mechanically functional feature of an automobile tire, and not registerable at all, and is descriptive of the particular type of tire, the registration of which is expressly inhibited by the provisions of section 5.

Considering the question of the effect of the prohibition of section 5 against the registration of descriptive words, in Vacuum Oil Co. v. Climax Refining Co., 120 F. 254, 256, the Circuit Court of Appeals of the Sixth Circuit held such prohibition against registration of descriptive words to be absolute. Justice Lurton, speaking for the court, said that it does not authorize their registration, if adopted to indicate origin, or if publicly used for any particular period of time, and that, no matter how long the use continues, the mark will never become a technical trade-mark. At page 256 he said:

The "descriptive word or sign or symbol * * * may acquire a secondary significance denoting origin or ownership. * * * But this secondary significance is not protected as a trade-mark, for a descriptive word is not the subject of a valid trade-mark; the only office of a trade-mark being to indicate origin or ownership. When a descriptive word * * * comes by adoption to have a secondary meaning, * * * its use in this secondary sense may be restrained, if it amounts to unfair competition. In such case, if the use of it by another be for the purpose of palming off the goods of one as and for the goods of another, a court of equity will interfere for the purpose of preventing such a fraud. But this kind of relief depends upon the facts of each case, and does not at all come under the rules applicable to the infringement of a trade-mark." Vacuum Oil Co. v. Climax Refining Co. (C. C. A.) 120 F. 254, 256, supra.

To accept the doctrine contended for by the appellant would in effect enable one by means of registration of a trade-mark to secure a perpetual monopoly of something not patentable within itself. In re American Circular Loom Co., 28 App. D. C. 446; In re United States Tire Co., 44 App. D. C. 469; In re Barrett Co., 48 App. D. C. 586; Hood Rubber Co. v. Needham Tire Co., 48 App. D. C. 227; Putnam Nail Co. v. Dulaney, 140 Pa. 205, 21 A. 391, 11 L. R. A. 524, 23 Am. St. Rep. 228; Davis v. Davis (C. C.) 27 F. 490; Smith v. Krause (C. C.) 160 F. 270; Daniel v. Electric Hose & Rubber Co. (C. C. A.) 231 F. 827.

We have given careful consideration to the assignments of error presented by appellant, five in number, and the able arguments made in support of the assignments by counsel for appellant, as well as the au-

thorities cited, and our conclusion is that the assignments are without merit, and that the arguments and authorities cited do not warrant us in arriving at a different result from that reached by the Commissioner of Patents, the Court of Appeals of the District of Columbia, and the court appealed from herein. Smithey v. Robertson, 299 F. 248, 250 (C. C. A. 4th Circuit); Hernandez v. Robertson, 16 F.(2d) 279 (C. C. A. 4th Circuit).

The decision of the District Court should therefore be affirmed.

Affirmed.