## CENTURY DISTILLING CO. v. CONTINENTAL DISTILLING CORPORATION.

### No. 9789.

District Court, E. D. Pennsylvania.
June 17, 1938.

706

Francis A. Burnett, of Philadelphia, Pa., and Mida, Richards & Murray, of Chicago, Ill., for plaintiff.

Leonard L. Kalish, of Philadelphia, Pa., for defendant.

MARIS, District Judge.

This bill in equity was filed under Section 4915 Revised Statutes, as amended (35 U.S.C. § 63, 35 U.S.C.A. § 63), to determine the right of the plaintiff to the registration of two trade-marks, the regis-

tration of which was refused by the Commissioner of Patents on July 2, 1937. The defendant filed an answer and a counterclaim alleging that the trade-marks sought to be registered by the plaintiff infringed certain prior registered trade-marks of the defendant. The counterclaim seeks an injunction and an accounting.

The defendant's registered trade-marks were "Dixie-Belle" and "Dixie Beaux." They were used by the defendant in connection with the sale of gin and the defendant's prior right to use these marks was not questioned in the patent office nor is it questioned here. The plaintiff's trade-marks are "Dixiana" used in connection with the sale of gin, and "Dixie Dew" used in connection with the sale of whisky.

When the plaintiff sought to register these marks in the patent office the defendant filed a notice of opposition upon the ground that the marks were not registerable under Section 5 of the Trade-Mark Act, as amended (15 U.S.C. § 85, 15 U.S.C.A. § 85), because they so nearly resembled the registered trade-marks owned and in use by the defendant and appropriated by it to merchandise of the same descriptive properties as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers. The Examiner of Trade-Mark Interferences in the Patent Office sustained the notice of opposition and upon appeal to the Commissioner his decision was affirmed. In each case the action was taken solely upon the statutory ground that the marks sought to be registered were deceptively similar to the defendant's marks.

Within six months thereafter the plaintiff brought the present bill under Section 4915, Revised Statutes, as amended (35 U.S.C. § 63, 35 U.S.C.A. § 63), to have its right to the registration of the trade-marks determined. This section, while by its express terms applicable only to patents, has been made applicable to trade-marks by the provisions of Section 9 of the Trade-Mark Act, as amended (15 U.S.C. § 89, 15 U.S.C.A. § 89). American Steel Foundries v. Robertson, 262 U.S. 209, 43 S.Ct. 541, 67 L.Ed. 953.

At the outset of the case I am confronted with a question of jurisdiction. The defendant has moved to dismiss the bill upon the ground that the Commissioner of Patents is a necessary party defendant and has not been joined. Admittedly if his joinder is necessary the bill must be

dismissed since service upon him cannot be secured in this district.

This brings me to a consideration of Section 4915 Revised Statutes, as amended, which is the statutory basis for the present suit. That act authorizes an applicant whose trade-mark has been refused registration by the Commissioner to file his bill in equity within six months and gives the court jurisdiction to adjudge that the applicant is entitled to registration. It provides that such an adjudication, if it be in favor of the right of the applicant, shall authorize the Commissioner to act and directs that in all cases where there is no opposing party a copy of the bill shall be served on the Commissioner.

I think that the act makes a clear distinction between proceedings inter partes and proceedings ex parte. Proceedings inter partes are those in which the right to the registration of a given trade-mark is unquestioned and the controversy is solely between two parties as to the priority of their respective rights to the mark in question. In such a case no question is raised as to the validity of the mark or its registrability under the statute, no rights of the public are involved and the Commissioner is not a necessary party to a bill in equity brought to determine the rights of the parties.

Where, however, the question raised is as to the registrability of the trade-mark itself under the provisions of the act the proceeding is in its nature ex parte. The Commissioner in refusing registration in such a case is engaged in enforcing the prohibitions of the statute in the public interest and it is his duty to act even though no notice of opposition is filed by anyone. Four Roses Products Co. v. Small Grain Distilling & Drug Co., 58 App.D.C. 299, 29 F.2d 959. It follows that in such a case there is no opposing party to the proceeding within the meaning of the statute even though some person who conceives that his rights might be adversely affected by the registration may actually file a notice of opposition.

Such a case ex parte is presented where the Commissioner refuses registration of a trade-mark upon the ground that its registration is prohibited by the statute because it is merely descriptive of the goods with which it is used. Drackett Co. v. Chamberlain Co., 3 Cir., 81 F.2d 866. It seems to me that essentially the same situation is presented where, as here, the Commissioner refuses the registration of a mark upon the ground that its registration is prohibited by the statute because it is deceptively similar to an existing registered trade-mark. It is true that in such a case it may seem that the interests of the prior trade-mark owner are more directly affected than those of other members of the public. It nevertheless remains true that the primary purpose of the statutory prohibition is to protect the public from the registration of trade-marks which Congress has declared as a matter of public policy shall not be registered and that the Commissioner is, therefore, in this case also acting as a guardian of the interests of the public generally and not merely as the arbiter of a private dispute between two parties.

It follows I think that the Commissioner of Patents was a necessary party to the present suit and, not having been joined as such, the court is without jurisdiction of the bill, which must be dismissed.

This, however, leaves for my consideration the defendant's counterclaim which discloses a cause of trade-mark infringement within our jurisdiction. This raises the question whether the plaintiff's marks do infringe those of the defendant. Under Section 16 of the Trade Mark Act, 15 U.S.C.A. § 96, they must be held to infringe if they colorably imitate the trade-marks of the defendant. I think, however, that colorable imitation under Section 16 of the act is substantially the same as confusing similarity under Section 5, especially since it is not necessary under Section 16 to show that one who has colorably imitated a trade-mark has done so with intent to deceive. Saxlehner v. Siegel-Cooper Co., 179 U.S. 42, 43, 21 S.Ct. 16, 45 L.Ed. 77.

In this case both the Examiner of of Trade-Mark Interferences and the Commissioner of Patents have held that there is a deceptive similarity between the plaintiff's trade-marks and those of the defendant. This determination is to be given full weight in the present proceeding (Morrell & Co. v. Doyle, D.C., 20 F.Supp. 110), and nothing in the evidence produced at the trial leads me to conclude that a contrary finding should be made.

Plaintiff argues, however, that the word "Dixie" is a geographical term to which the defendant cannot claim an ex-

clusive right. The sufficient answer to this is that the term is not used geographically. It is not intended to signify that the product is manufactured in the south or intended to be sold or used there nor does it indicate the quality or characteristics of the product. It was, therefore, subject to appropriation by the defendant. Hamilton-Brown Shoe Co. v. Wolf Bros. & Co., 240 U.S. 251, 36 S.Ct. 269, 60 L.Ed. 629.

I accordingly find that the trade-marks which the plaintiff used and sought to register are colorable imitations of the defendant's trade-marks. As I have said, it is not necessary to show that the plaintiff's trade-marks were adopted with the intent to deceive defendant's customers. It is likewise not necessary to show that any person has actually been deceived by the imitation. Steppacher & Bro. v. Karr, D.C., 236 F. 151.

It must, therefore, necessarily be concluded that the plaintiff is guilty of infringement of the defendant's trade-marks. It follows that the defendant is entitled to an injunction and accounting of profits and damages as prayed for in its counter-claim.

The statements of fact and legal conclusions contained in this opinion may be taken as special findings of fact and conclusions of law under Equity Rule 70½, 28 U.S.C.A. following section 723.

A decree may be entered in accordance with this opinion.