**QUAKER OATS CO. v. GENERAL MILLS, Inc.**

No. 3478.

District Court, N. D. Illinois, E. D.

May 12, 1942.

Rogers, Woodson & Rogers, of Chicago, Ill., for plaintiff.

Wilkinson, Huxley, Byron & Knight, of Chicago, Ill., for defendant.

BARNES, District Judge.

The plaintiff, the Quaker Oats Company, filed an application in the Patent Office to register the word "OATIES" as a trade mark for a cereal food product. The Patent Office passed the application and published the mark in the Official Gazette. Whereupon, the defendant, General Mills, Inc., filed a notice of opposition, asserting that "OATIES" infringed its registered trade marks "WHEATIES," "KORNIES" and "MAIZIES," registered for cereal food products. The Examiner of Interferences in the Patent Office dismissed the opposition, holding that notwithstanding the registration by General Mills, Inc., of "WHEATIES," "KORNIES" and "MAIZIES," the Quaker Oats Company was entitled to register the word "OATIES." An appeal was taken to the Commissioner of Patents, who, by a decision by his First Assistant, reversed the Examiner of Interferences and sustained the opposition. The Quaker Oats Company appealed to the United States Court of Customs and Patent Appeals. General Mills, Inc., filed a notice in the Patent Office, electing to have further proceedings under Section 4915 of the Revised Statutes, Title 35 U.S.C.A. § 63, that is, it chose to have the question of registration of the word "OATIES" determined by the District Court rather than by the Court of Customs and Patent Appeals. Thereupon, the appeal to the Court of Customs and Patent Appeals was dismissed and the Quaker Oats Company filed its complaint in this court.

The Quaker Oats Company, in its complaint, alleges that it is the sole and exclusive owner of the trade marks "OATIES" and "QUAKER OATIES" for a prepared breakfast cereal made of oats; that the trade mark "OATIES" standing alone was used by the plaintiff for only a short time and was the mark in use at the time plaintiff filed its application to register said mark in the Patent Office; that when plaintiff placed upon the market its product on a commercial basis it coupled with the word "OATIES" the word "QUAKER" and the product was put in containers which embraced the color scheme of its well-known Quaker Oats container, and the words "QUAKER OATIES" have been used by the plaintiff as its trade-mark since its adoption in commerce among the several states. The complaint then sets forth the proceedings in the Patent Office and alleges that the registration of its trade mark has been refused arbitrarily and unlawfully by the Commissioner of Patents and that it files its complaint to secure registration thereof. The complaint further alleges that the defendant, General Mills, Inc., has threatened and intends to subject plaintiff and its customers to suits for infringement and unfair competition for using the trade marks "OATIES" and "QUAKER OATIES." The prayer of the complaint is: (1) that this court decree (a) that the plaintiff is entitled to have registered its trade mark "OATIES," (b) that plaintiff's trade mark "OATIES" is not confusingly similar to the trade marks of the defendant, (c) that the Commissioner of Patents be authorized to dismiss the opposition to the registration of plaintiff's trade mark "OATIES", and (d) that the Commissioner of Patents be authorized to register the plaintiff's trade mark "OATIES"; and (2) that the court declare that the plaintiff is entitled to use its trade mark "OATIES" and "QUAKER OATIES" for a prepared breakfast cereal in interstate and foreign commerce, and that said trade marks are not an infringement or a colorable imitation of defendant's trademarks "WHEATIES," "KORNIES" and "MAIZIES."

The defendant, General Mills, Inc., answered, denying the material allegations of the complaint, and filed a counterclaim whereby it sought recovery against the plaintiff for infringement of its trade marks "WHEATIES," "KORNIES," and "MAIZIES," registered under the laws of the United States, for common law trade mark infringement, and for unfair competition in trade committed by the plaintiff in interstate and intrastate commerce in the United States. The plaintiff denied the material allegations of the counterclaim.

■ The parties are agreed that Section 4915 of the Revised Statutes, Title 35, U.S. C.A. § 63, is applicable to trade mark cases, and that appears to be the law. American Steel Foundries v. Robertson, 262 U.S. 209, 43 S.Ct. 541, 67 L.Ed. 953. Counsel are not entirely in accord on the question of the extent of the duty of the court in trade mark cases under Section 4915. On the one side, it is said that the duty of the court under Section 4915 is as broad in trade mark cases as it is in patent cases. On the other side, it is said that the duty of the court is not as broad under Section 4915 in trade mark cases because of the greater possibility, as counsel says, of there having been an adversary proceeding in the Patent Office. The court gathers that counsel on each side of this proceeding would be content if the court did not find itself confronted with the necessity of · determining whether or not the trade marks in issue in this case are merely descriptive of the products to which they are respectively applied. In Hill v. Wooster, 132 U.S. 693, 10 S.Ct. 228, 230, 33 L.Ed. 502, which was a proceeding under Section 4915 in a patent case, the Supreme Court said:

"The parties to the present suit appear to have been willing to ignore the question as to patentability in the present case, and to have litigated merely the question of priority of invention, on the assumption that the invention was patentable. But neither the circuit court nor this court can overlook the question of patentability."

■ The court is of the opinion that, under Section 4915, a duty rests upon the court in trade mark cases to determine the registerability of the mark generally, like unto the duty which rests upon the court in patent cases to determine patentability generally, and not to confine its attention merely to the question of priority.

The Quaker Oats Company applies the word "OATIES" as a trade mark on "An oat cereal with sugar, salt, calcium phosphate and soda added." The General Mills, Inc., applies the word "WHEATIES" as a trade mark on "Toasted whole wheat flakes......Ready-to-Eat. Ingredients— whole wheat, sugar, salt, malt syrup, vegetable oil, vitamin B₁ and natural vitamin G from plant sources." It applies the word "KORNIES" on a "Puffed corn cereal. Ingredients—Corn meal, tapioca, sugar, wheat germ, salt, cocoanut oil, calcium carbonate, sodium phosphate, iron oxide saccharated, vitamin B, (thiamine) and natural vitamin G (riboflavin) from plant sources." And it applies the word "MAIZIES" to a "Puffed corn cereal. Ingredients—Corn meal, tapioca, sugar, wheat germ, salt, cocoanut oil, calcium carbonate, sodium phosphate, iron oxide saccharated, vitamin B (thiamine) and natural vitamin G (riboflavin) from plant sources."

It seems to the court that the first principal question which should be examined is whether or not the trade mark "OATIES", applied as the plaintiff the Quaker Oats Company applies it, is confusingly similar to the trade marks "WHEATIES," "KORNIES" and "MAIZIES" as the defendant General Mills, Inc., applies them, respectively. The marks neither look nor sound alike, with the exceptions that they are all plurals, ending in "s", and all have the diminutive suffixes "ie," denoting endearment or playfulness. Webster's New International Dictionary (1932 ed.).

■ It seems to the court that the marks suggest different ideas. Plaintiff's mark suggests something made from oats, while the defendant's marks suggest something made from wheat and corn. It is true that oats, wheat and corn are all grains. Some considerable evidence has been introduced of surveys conducted, particularly by the plaintiff, for the purpose of determining whether or not the trade mark "OATIES" is confusingly similar to "WHEATIES," "KORNIES," and "MAIZIES," and some witnesses have been examined, some of. whom · were not confused and others of whom thought that "OATIES" were manufactured by the same firm that manufactured "WHEATIES." There is no evidence in the record, however, that anyone ever bought "OATIES" thinking that he bought a product of General Mills, Inc. The court believes and holds that "OATIES" is not confusingly similar to "WHEATIES," "KORNIES" or "MAIZIES," either severally or in the aggregate, and that, so far as the question of confusing similarity is concerned, plaintiff is entitled to have its trade

mark "OATIES" registered and is entitled to have the opposition of the defendant, General Mills, Inc., founded upon its registration of the trade marks "WHEATIES," "KORNIES," and "MAIZIES" dismissed.

However, the court cannot escape the conviction that the word "OATIES" is descriptive of the goods with which it is used and of the character and quality of such goods, and such a word is not registerable under the Act of 1905. The statute provides that "no mark which consists * * * merely in words * * * which are descriptive of the goods with which they are used, or of the character or quality of such goods * * * shall be registered under the terms of this subdivision of this chapter." Title 15 U.S.C.A. § 85.

What has been said disposes of the issues which have been made by the complaint and counterclaim. The plaintiff is not entitled to have the word "OATIES" registered as a trade mark under the Act of 1905. It may have a decree that the word "OATIES," as used by it, is not confusingly similar to the words "WHEATIES," "KORNIES," and "MAIZIES," as used by the defendant, and it may have a decree that it is entitled to use the words "OATIES" and "QUAKER OATIES" for a prepared breakfast cereal in interstate and foreign commerce, and that said words are not an infringement or colorable imitation of defendant's trade marks "WHEATIES," "KORNIES," and "MAIZIES," the validity of which, as statutory or common law trade marks, the court is not now called upon to decide. As has been indicated, there is no evidence of unfair competition by the plaintiff and counterclaim defendant. The plaintiff may have the relief above indicated under its complaint. The counterclaim may be dismissed. The plaintiff may recover its costs.