## EMPIRE CRAFTS CORPORATION v. NATIONAL SILVER CO.

District Court, S. D. New York.

May 25, 1945.

Nims, Verdi & Martin, of New York City (Harry D. Nims, Minturn de S. Verdi, Wallace H. Martin, and Marion L. Severn, all of New York City, of counsel), for plaintiff.

Rogers, Hoge & Hills, of New York City (Edward S. Rogers, Clifton Cooper, Leslie D. Taggart, and John P. Chandler, all of New York City, of counsel), for defendant.

GODDARD, District Judge.

This is a suit in equity under Section 4915 of the Revised Statutes, 35 U.S.C.A. § 63, to reconsider actions of the Patent Office on rulings of law and on the evidence submitted to the Patent Office and also upon evidence produced upon this trial, and for an adjudication that the plaintiff is entitled to register its trade-mark "Royal Crest."

Plaintiff is a New York corporation which in November 1941, began selling sterling silver knives, forks, and spoons marked "Royal Crest." In 1942 it advertised these articles so marked in some of the leading women's magazines and by 1943 the plaintiff sold throughout the country approximately 150,000 pieces of sterling silver marked "Royal Crest."

In March, 1942 plaintiff applied for registration of the mark "Royal Crest" for sterling silver flatware. The Patent Office approved the application and passed it for publication. Upon its publication in the Patent Office Official Gazette the defendant, National Silver Company, filed opposition to the application pursuant to the Trade-Mark Act of February 20, 1905, 15 U.S.C.A. §§ 86, 87. This opposition was based upon a renewed registration in June, 1941 by the defendant, National Silver Company, of a trade-mark originally registered by the defendant's assignor in 1921. The National Silver Company's renewed trade-mark consists of a double diamond shaped figure bearing the words "Royal Brand Cutlery Company" between the diamonds, and the words "Sharp Cutter" at the center of the internal diamond. The opposer [the defendant] also relied upon the use of the notation "Royal Brand" as applied to its various knives. The opposer, National Silver Company, was organized in 1928 and it and its predecessors have used the dia-

mond trade-mark and also the words "Royal Brand" for upwards of thirty years. During this period with extensive advertising they have built up a large business, national in scope, in goods bearing these marks.

A hearing was had before the Examiner of Trade-Mark Interferences in which the plaintiff urged that the opposer, National Silver Company, the defendant in this case, had no standing as opposer because a third party, the Royal Silver Mfg. Co., Inc., of Norfolk, Virginia, had priority of the use of the mark "Royal Brand." The plaintiff also urged that the wide spread uses by others of the term "Royal" in the silver trade made mistake by the public unlikely within the meaning of the statute. The plaintiff also contended that the Examiner erred in denying the plaintiff's motion to strike out the entire testimony offered by the opposer because counsel for the opposer had instructed its witnesses not to answer certain questions.

The Examiner of Trade-Mark Interferences held that the National Silver Company had "established prior use both as to the registered mark and the mark consisting merely of the words 'Royal Brand' "; that the goods were of the same descriptive properties and the marks were confusingly similar. The Examiner denied the motion to strike out the testimony of the defendant's witnesses on the ground that the unanswered questions were improper on cross examination and were irrelevant and immaterial. The Examiner, in treating the plaintiff's contention in respect to the prior use of "Royal" and "Royal Brand" by the Royal Silver Mfg. Co., Inc., stated—"It is not deemed to be material to these proceedings whether or not the opposer has exclusive right to the use of the word."

Upon appeal the Commissioner of Patents sustained the Examiner holding in substance that the record established prior use of the marks by the defendant and that the mark of the plaintiff was to be used on goods of the same descriptive properties and that the concurrent use of the mark or marks on the respective goods of the parties "would be likely to cause confusion and mistake in the mind of the public and to deceive purchasers with consequent likelihood of damage to opposer." He further stated—"In view of the above, I think the case was correctly decided by the Examiner of Trade-Mark Interferences."

The plaintiff now brings this suit alleging that the defendant is not the owner of the trade-marks "Royal," "Royal Brand" and the diamond "Royal Brand Cutlery Company"; that these marks belong to the Royal Silver Mfg. Co. Inc., of Norfolk, Virginia; that the plaintiff's mark "Royal Crest" is not confusingly similar to the marks "Royal," "Royal Brand" or the registered diamond design; that the goods on which plaintiff uses its mark are different from the goods on which defendant uses its marks.

It may be that the Commissioner of Patents is a necessary party to this suit. The decisions seem to indicate that whether the Commissioner of Patents is a necessary party or not depends upon the grounds for refusing registration. See Century Distilling Co. v. Continental Distilling Co., 3 Cir., 106 F.2d 486, certiorari denied 309 U.S. 662, 60 S.Ct. 581, 84 L.Ed. 1010; Tomlinson of High Point v. Coe, 74 App.D.C. 364, 123 F.2d 65; Drackett Co. v. Chamberlain Co., 3 Cir., 81 F.2d 866; see "Trade-Mark Cancellation and Opposition Proceedings and the R. S. 4915 Remedy," 32 Trade Mark Reporter 23.

The grounds of the Commissioner's refusal to register plaintiff's trade-mark are such that it may be that he is a necessary party and that without his being made a party, this court can go no further. However, as neither of the parties have raised the point and the trial took some time, I shall attempt to dispose of the case on the merits. If subsequently a higher tribunal decides that the Commissioner of Patents is a necessary party to this action, then this opinion on the merits will affect neither party disadvantageously.

The proceeding by a bill in equity under Section 4915, Revised Statutes, is part of the application for the patent and applies equally to the registration of a trade-mark. Gandy v. Marble, 122 U.S. 432, 7 S.Ct. 1290, 30 L.Ed. 1223; American Steel Foundries v. Robertson, 262 U.S. 209, 43 S.Ct. 541, 67 L.Ed. 953; United States ex rel. Baldwin Co. v. Robertson, 265 U.S. 168, 44 S.Ct. 508, 68 L.Ed. 962; Tomlinson of High Point v. Coe, 74 App.D.C. 36, 45, 123 F.2d 65; Loughran v. Quaker City Chocolate & Confectionery Co., 3 Cir., 296 F. 822.

It has been held that in a suit of this nature to register a patent the validity or invalidity of the defendant's registered patent is not in question. Smith v. Carter Carburetor Corporation, 3 Cir., 130 F.2d 555, 560; Cleveland Trust Co. v. Berry, 6 Cir., 99 F.2d 517, 521; Parker v. Commissioner of Patents, D.C., 33 F.Supp. 410, affirmed upon opinion below, Parker v. Coe, 3 Cir., 119 F.2d 781. Therefore, since R.S. 4915 applies to the registration of trade-marks, at least analogously, the validity of the defendant's trade-mark per se, is not in question. However, the court need not rely solely on these patent cases as authority, for in Loughran v. Quaker City Chocolate & Confectionery Co., supra, 296 F. at page 826, the court said—"We are not concerned in this action with the validity of the defendant's trade-mark registrations; we are concerned only with the plaintiffs' right to have their trade-mark registered. Therefore any comments we may make upon the defendant's trade-marks will be addressed only to the position it has taken in opposition to the plaintiffs' registration." That case was a suit to register a trade-mark under Section 4915 after three prior administrative decisions.

A bill in equity under Section 4915, R.S. is a suit triable de novo. Butterworth v. Hoe, 112 U.S. 50, 5 S.Ct. 25, 28 L.Ed. 656; General Talking Pictures Corporation v. American Tri-Ergon Corporation 3 Cir., 96 F.2d 800; Perkins v. Lawrence Sperry Aircraft Co., D.C., 57 F.2d 719; Globe-Union, Inc., v. Chicago Telephone Supply Co., 7 Cir., 103 F.2d 722. The law applicable to patents where priority of invention is involved is equally applicable to trade-marks in that the plaintiff cannot rely on a mere preponderance of evidence, but must overcome the prior decisions by testimony which in "character and amount carries thorough conviction." Morgan v. Daniels, 153 U.S. 120, 14 S.Ct. 772, 773, 38 L.Ed. 657; Century Distilling Co. v. Continental Distilling Corporation, 3 Cir., 106 F.2d 486; Loughran v. Quaker City Chocolate & Confectionery Co., supra.

Both the Examiner of Trade-Mark Interferences and the Commissioner of Patents found that the defendant established prior use both as to the registered trade-mark and the mark consisting merely of the words "Royal Brand"; that the goods were of the same descriptive properties within the meaning of the Trade-Mark Act, and that confusion would likely result.

The plaintiff has submitted no new evidence upon the trial which would affect the findings of the Examiner and sustained by

the Commissioner, that the mark of the plaintiff was to be used on goods of the same descriptive properties as those of the defendant, and that the concurrent use of the mark by the plaintiff would likely cause confusion with goods bearing defendant's marks. The only new evidence now submitted concerns, first, the validity or invalidity of the defendant's registered trade-mark; and second, the priority of use of the words "Royal Brand" as between this defendant and a third party. As pointed out above the validity is not now in question. Loughran v. Quaker City Chocolate & Confectionery Co., supra; Lactona, Inc., v. Lever Bros. Co., Cust. & Pat.App., 144 F.2d 891.

The new evidence as to the prior use by a third party of the words "Royal Brand" does not strengthen the plaintiff's position for the Examiner of Trade-Mark Interferences in denying the plaintiff's exparte application stated his reasons to be the prior use of the notation "Royal Brand" by this third party; that the marks were to be used on goods of the same descriptive properties; and that "Royal Brand" was confusingly similar to the notation "Royal Crest."

█ It still appears that as between this plaintiff and the defendant that the defendant had prior use of the mark. Whether it has exclusive use of the marks need not be decided in this suit. See John Morrell & Co. v. Doyle, 7 Cir., 97 F.2d 232, 235, certiorari denied 305 U.S. 643, 59 S.Ct. 146, 83 L.Ed. 415.

█ In view of the lack of additional evidence sufficient to overcome the findings made by the Examiner of Trade-Mark Interferences and sustained by the Commissioner of Patents, experts in the field of trade-mark practice, this court finds no ground for disturbing these two prior consistent decisions. Morgan v. Daniels, 153 U.S. 120, 14 S.Ct. 722, 38 L.Ed. 657; Cleveland Trust Co. v. Berry, 6 Cir., 99 F.2d 517; Powell v. McNamara, 2 Cir., 74 F.2d 750; Abbott v. Coe, 71 App.D.C. 195, 109 F.2d 449; Kaufmann Department Stores v. S. H. Kress Company,[1] 49 U.S.P.Q. 702.

█ The only question remaining is the Examiner of Trade-Mark Interferences' refusal to take into consideration the previous registration and use of the word "Royal" on silverware by a number of other concerns. This refusal was in accordance with the well settled law that the fact that others use trade-marks which are confusingly similar to defendant's, is no reason why plaintiff should be permitted to add to the confusion. Parke, Davis & Co. v. G. F. Harvey Co., Cust. & Pat.App., 141 F.2d 132; Skelly Oil Co. v. Powerine Co., 86 F.2d 752, 24 C.C.P.A., Patents, 790; Pepsodent Co. v. Comfort Manufacturing Co., 83 F.2d 906, 23 C.C.P.A., Patents, 1224.

For the reasons stated above the defendant may have a decree dismissing the bill of complaint.

Findings of fact and conclusions of law to be submitted by defendant on ten days notice.

---

[1] Oral opinion.