Hackett and Hackett *v.* Hackett et al.

354

Argued December 8, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Stadtfeld, JJ.

*Fred W. Breitinger,* for appellant.

*George E. Beechwood* of *Conlen, LaBrum and Beechwood,* for appellees.

Opinion by Stadtfeld, J., March 7, 1932:

The sole question in this case is the right of complainants in an equitable proceeding in whose favor a decree was entered, directing the reformation of a deed of conveyance of real estate on the ground of fraud.

accident or mistake occurring through the negligence of a title insurance company which insured the title to the property conveyed, to recover from the company their reasonable counsel fees as part of the expense in the proceedings.

The complainants are the wife and daughter, respectively, of Andrew S. Hackett of defendants. The chancellor, SMITH, J., has found that Clara B. Hackett of complainants, on August 2, 1924, entered into a written agreement of sale with George R. Osborne for the purchase of 1241 Pratt Street in the City of Philadelphia, to which agreement the defendant, Andrew S. Hackett, signed as a witness. That complainants made application for title insurance on said premises to the Kensington Trust Company, the other defendant. That the payments made in accordance with the terms of the agreement of sale were made by complainants from their own funds. That the deed of conveyance prepared for complainants contained the names of complainants as grantees when executed by George R. Osborne et ux., the grantors. That on December 20, 1924, when the deed was delivered into the hands of the Kensington Trust Company, the grantees named therein were Clara B. Hackett, wife of Andrew S. Hackett, and Jane F. Hackett, singlewoman. That the settlement certificate of the trust company, dated December 20, 1924, relative to the transfer of the premises, reads: "Conveyance from George R. Osborne et ux. to Clara B. Hackett, wife of Andrew S. Hackett, and Jane F. Hackett." That no directions or instructions during the time of settlement were given to change the names of the grantees to include the name of Andrew S. Hackett. That at the time the deed was recorded in the office for the recording of deeds in the County of Philadelphia, the name of Andrew S. Hackett appeared thereon as one of the grantees. That the insertion of his name as one of the grantees was

made by fraud, accident or mistake due to the negligence or carelessness of the Kensington Trust Company of defendants.

The court entered a decree, ordering and directing that Andrew S. Hackett grant and convey unto complainants the said premises, and that the Kensington Trust Company pay unto complainants all reasonable expenses to which they have been put in connection with said fraud, accident and mistake, including reasonable counsel fees.

By stipulation of counsel, it was agreed that $675 is the reasonable expense connected with said proceedings, and of which $500 is a reasonable counsel fee incurred by complainants.

The sole question for our consideration is the right of the chancellor to include the counsel fee aforesaid as part of the expense directed to be paid by the Kensington Trust Company.

This is not an open question in Pennsylvania, notwithstanding contrary decisions in other jurisdictions. In Smith v. Equitable Trust Co., 215 Pa. 413 (417), our Supreme Court, in an opinion by Mr. Justice POTTER, said: " 'There is no law in Pennsylvania to warrant the payments as "costs in the cause" of the fees of counsel for professional services, or of the value of the time bestowed, or the amount of expenses incurred by a party in its preparation and trial; without an act of assembly empowering it, the courts cannot create a fee bill, and it would be a usurpation of legislative functions to allow as between party and party charges to which no statute has ever given the character of costs. Since Wilt v. Vickers, 8 Watts 227, and Rogers v. Fales, 5 Pa. 154, were overruled, compensation has never been recoverable for trouble and expenses in conducting a suit and establishing a right': Winton's Appeal, 87 Pa. 77 (84). Over and over again we have decided there can be no recovery for counsel fees from

the adverse party to a cause, in the absence of express statutory allowance of the same: Com. v. Meyer, 170 Pa. 380.''

There are well recognized exceptions to this rule, as stated by Mr. Justice KEPHART in Hempstead et al. v. Meadville Theo. S., 286 Pa. 493 (495): ''Where the services protect a common fund for administration or distribution under the direction of the court, or where such fund has been raised for like purpose, it is liable for costs and expenses, including counsel fees incurred.''

If the corporation defendant failed in its duty to complainants, costs, but not counsel fees, would be an element of the measure of damages for the breach.

In the absence of a statute or of some agreement or stipulation specially authorizing the allowance thereof, counsel fees are not allowable: Winton's Appeal, 87 Pa. 77; Com. v. Meyer, 170 Pa. 380, 384; Kaufmann v. Kirker, 22 Pa. Superior Ct. 201.

The assignment of error must therefore be sustained.

The decree is reversed insofar as it directs the payment by the Kensington Trust Company to complainants as expense, of the sum of five hundred dollars as counsel fees, and the decree is modified and reduced accordingly to the sum of one hundred seventy-five and 75/100 ($175.75) dollars. Costs to be paid by appellee.