## Konwickie et ux. v. Matter et al.

*A. G. Rutherford* and *I. B. Rutherford,* for plaintiffs.

*C. A. Garratt,* for defendant.

SWOYER, P. J., December 19, 1933.—The original action entered to the above term and number was a bill in equity, upon which, no answer having been filed, a decree pro confesso was entered, in which defendant was directed to pay all costs. Plaintiffs submitted their bill of costs, which included two items, viz.: "Cost of serving writs, $6.50", and "Counsel fees, $25". On motion of defendant, a rule was granted upon plaintiffs to show cause why costs should not be retaxed, upon which the matter is before the court, it being agreed between counsel that the two items above recited are the only items in the bill of costs to which exceptions are taken.

The contention of the plaintiff is, first, that the court has no original jurisdiction of the subject matter, and, secondly, that the said items are properly chargeable to the defendant.

The contention as to jurisdiction is based upon a rule of court, the pertinent portion of which is as follows:

"RULE XIV—*Costs.*

"Sec. 1. Bills of costs, accompanied by an affidavit of their correctness and of the necessity of the number of witnesses in attendance, shall be taxed by the prothonotary, unless manifest error in law or in fact appear in them. Upon exceptions filed, accompanied by an affidavit of the truth of the facts therein set forth, a rule for retaxation before the prothonotary, at his office, may be entered by either party, giving at least 5 days' notice to the opposite party, or his attorney, of the time for such retaxation. . . ."

We note from this rule, first, that bills of cost *shall* be taxed by the prothonotary, unless manifest error in law or in fact appear in them. This portion of the rule is mandatory, and we may therefore infer that when costs are taxed by the prothonotary, as in the instant case, they show no error of law or fact manifest to the prothonotary. Secondly, if exception to the costs so taxed is filed, accompanied by an affidavit of the truth of the facts therein set forth, a rule for retaxation before the prothonotary *may* be granted, etc. It is manifest that such a procedure is not mandatory and, not being mandatory need not be

exclusive, provided that we have authority for other procedure. Apparently, an appeal may be taken directly to the court from the original taxation of costs by the prothonotary: McCauley's Appeal, 86 Pa. 187. No specific form for such appeal being prescribed, we may consider that a motion for a rule to show cause why costs should not be retaxed, addressed to the court of common pleas, is sufficient to bring such retaxation within the jurisdiction of the court. We are strengthened in this opinion by the thought that the intent of the rule of court cited was to confer original jurisdiction as to the facts recited in a bill of costs (such as the number of witnesses in attendance, etc.,) upon the prothonotary, whereas original jurisdiction as to the legality of the costs taxed, as well as appellate jurisdiction over both matters of fact and of law, either on appeal from the original taxation or from a retaxation by the prothonotary, lies in the court of common pleas. To hold that the prothonotary has original jurisdiction over the legality of costs taxed would be to vest him with a judicial capacity foreign to his office.

Being of the opinion that the court has jurisdiction of this matter, we may consider the items excepted to. It appears from the testimony that the original bill, with two copies thereof, was served upon Paul Matter, one of the defendants, by Ira B. Rutherford, Esq., of counsel for plaintiff. Subsequently, and after the entry of the appearance of C. A. Garratt, Esq., as attorney for defendants, the said Ira B. Rutherford, Esq., served copies of the order of court upon Paul Matter at Honesdale, Pa., and upon Gottlieb Matter and Walter Matter at Hawley, Pa. For this service he claims compensation upon the same basis as fees would be allowed to the sheriff under the Act of June 1, 1933, P. L. 1141. We are not called upon to determine whether or not an individual electing to serve his own papers is entitled to the same compensation as a public officer would be for the same service. The question is whether, an attorney having entered his appearance of record so that papers might have been served upon him, costs should be allowed to the plaintiff for electing to serve the papers upon the defendants directly. Disregarding the question of legal ethics, which we believe to be beyond the scope of this opinion, we see no reason why counsel should not exercise their option (within reason) and, if the service was performed, why they should not be compensated therefor. We therefore dismiss the exception as to the item of $6.50 cost of service of papers.

The question of an allowance of counsel fees as a part of the costs rests upon an entirely different footing. Plaintiff bases his claim to such fees upon a rule of court, as follows:

RULE XVIII—*Equity.*

"In all suits in equity, the party in whose favor the decree is made shall be entitled to tax as costs in the case the sum of $25 on account of his solicitor's fees."

If we were required to go no further than this rule of court, the question would end here, and this exception would be dismissed. We must, however, go behind the rule in search for the authority under which it was promulgated. This we find in the Act of May 4, 1864, P. L. 775, which provides: "That it shall be the duty of the judges of the several district courts, and courts of common pleas, in this commonwealth, to make and establish, for their respective courts, a tariff of fees and costs, in equity proceedings and cases."

But are the fees of the solicitor for the victorious party such "fees and costs" as are contemplated by the act? Apparently not, for we find in the recent case of Hackett et al. v. Hackett et al., 104 Pa. Superior Ct. 353 (1932), a suit in equity, that: "There can be no recovery as 'costs in the cause' of the fees of

counsel for professional services, or of the value of the time bestowed, or the amount of expenses incurred by a party in its preparation and trial without an act of assembly empowering it. The courts cannot create a fee bill."

This case being almost on all fours with the instant case, we must sustain the exception to the item of $25 counsel fees.

### Order

Now, to wit, December 19, 1933, in accordance with the foregoing opinion, the bill of costs in the above-stated case is retaxed in accordance with the prayer of the petitioner as follows:

| | |
|---|---:|
| Entry fee, attorney paid | $3.00 |
| Attorney fee | 3.00 |
| Prothonotary | 2.75 |
| Service of writs | 6.50 |
| Total | $15.25 |

It is ordered and decreed that the defendant in this case pay to the plaintiffs therein the sum of $15.25 as costs in the said case. The said plaintiffs, however, to pay the record costs of the proceedings on rule.