## Rerko v. Rerko

*Edward T. Stibich* and *Llewellyn E. Lloyd*, for petitioner.

*Edward J. Harkins*, for respondent.

GRIFFITH, J., February 6, 1943.—This is a rule on a husband to show cause why he should not be directed to pay counsel fees to his wife, the defendant in a bill in equity brought by the husband to compel the conveyance of the family dwelling house held by the parties as tenants by the entireties. Deeds had been deposited in escrow, to be delivered for the purpose of vesting title in the husband alone in the event that the parties were not living together after the expiration of a period of six months. The bill avers that the parties had decided not to live together at the end of the six-month period, and the bill prays for the delivery of the deeds.

Plaintiff's answer raises two defenses: (1) A denial that his wife has no individual funds and is unable to pay counsel fees and costs; and (2) an averment that

as a matter of law no counsel fees or costs may be awarded in a proceeding of this nature.

In support of his second defense, plaintiff cites but one authority, viz, the case of Hackett et al. v. Hackett et al., 104 Pa. Superior Ct. 353. In that case the wife, as plaintiff, sought to recover counsel fees from a trust company for erroneously adding her husband's name as a grantee to a deed intended for her and her daughter only. The action was against the husband merely for the purpose of requiring him to reform the deed by conveying the interest he received to his wife and daughter. The prayer for counsel fees and costs was directed against the trust company alone, based on its negligent act. The court denied counsel fees, but this case is not authority for the proposition that a wife may obtain counsel fees and costs against her husband only in divorce actions. The contrary is true. As pointed out in defendant's brief, the Hackett case was analyzed in Drugash v. Drugash, 32 D. & C. 25, in which the court said (p. 26) :

"To the petition for counsel fees, plaintiff filed an answer alleging that, in the absence of statutory authority, the court was without authority to make the order requested. Plaintiff's counsel has called our attention to Hackett et al. v. Hackett et al., 104 Pa. Superior Ct. 353, but an analysis of that case shows it did not involve an application by the wife for an order upon her husband to pay counsel fees for her protection in litigation between herself and husband, but that it involved the question of the collection of counsel fees as part of the costs of litigation. As expressed by Judge Stadtfeld at page 356:

" 'The sole question for our consideration is the right of the chancellor to include the counsel fee aforesaid as part of the expense directed to be paid by the Kensington Trust Company.'

"Independently of statutory authority, the general rule is that the husband is liable for services rendered

by an attorney to his wife in a proceeding necessary to protect the rights of the wife: 13 R. C. L. 1210, sec. 243."

In actions of replevin for household furniture and goods the courts have permitted the wife to obtain an allowance of counsel fees whether she be plaintiff or defendant: Drugash v. Drugash, supra; Bartholomew v. Bartholomew, 31 Dauph. 136; Troback v. Troback, 16 D. & C. 223. The principle underlying these decisions is that if the wife is without funds to defend such actions she might be the victim of an injustice, and she cannot sue in forma pauperis because she is the wife of a husband having property. This court, therefore, has the power to make the order prayed for.

Whether such an order should be made under the facts in this case is another matter. Formerly, the rule was that wives had no income except what may have been inherited by them from relatives, as former husbands or fathers. As a result, proof that the wife had no separate estate out of which to pay counsel fees and costs was sufficient to compel the husband to advance the same. We believe that today the bare allegation that the wife has no separate estate is not sufficient to require the court to make an order for counsel fees. Women are today extensively engaged in business and industry, and frequently their earnings compare favorably with those of their husbands. Defendant's averment that she is unable to pay counsel fees is denied and, therefore, at issue. In order to determine this issue, testimony must be taken. We, therefore, enter the following

### Decree

And now, February 6, 1943, after argument and due consideration, the rule heretofore granted, requiring plaintiff to show cause why he should not pay defendant's counsel fees and costs, is hereby continued for the purpose of taking testimony as to defendant's inability to pay such counsel fees and costs.