**PHILCO CORPORATION v. F. & B. MFG. CO.**

**Civ. A. No. 45C1343.**

United States District Court
N. D. Illinois, E. D.
Aug. 12, 1949.

Rogers & Woodson, William T. Woodson, Beverly W. Pattishall, and Lewis S. Garner, Chicago, Ill., for plaintiff.

Spencer, Marzell, Johnston & Cook, John A. Marzall, Lloyd C. Root, Chicago, Ill., for defendant.

IGOE, District Judge.

This was a suit for infringement of plaintiff's trade-mark. Plaintiff charged that defendant's use of the trade-name "FILKO" in the distribution of automotive ignition parts, was an imitation of plaintiff's registered trade name "PHILCO" because of similarity in sound, so as to cause confusion and deceive purchasers. "FILKO" is the family name of one of the owners of defendant company. The issues were tried before this court and on June 26, 1947, the court entered findings of fact and conclusions of law and an order of judgment in favor of the defendant. The order of judgment in favor of defendant was affirmed on appeal by the United States Court of Appeals for the Seventh Circuit as shown by the opinion reported in 170 F.2d 958. The opinion of the Court of Appeals sets forth the issues involved and the principles of trade-mark law applicable thereto. Thereafter, the United States Supreme Court denied certiorari. 336 U.S. 945, 69 S.Ct. 813.

Defendant, as the prevailing party in this suit has now presented its motion for reasonable attorneys' fees as a part of its costs, on the ground that the litigation caused by the instant proceedings was vexatious and unfounded because plaintiff attempted to prevent one of the owners of defendant's business from using his own name innocently and in good faith in carrying on his business.

Defendant admits that the trade-mark act does not specifically provide for the recovery of attorneys' fees by a prevailing defendant. Defendant contends, however, that the absence of such a provision in the trade-mark statute should not bar recovery of a reasonable attorneys' fee because the patent statute, 35 U.S.C.A. § 70, and the copyright statute, 17 U.S.C.A. § 116, allow attorneys' fees to a prevailing party, and the trade-mark laws have always been held to follow substantially the patent laws. In support of this contention defendant cites American Steel Foundries v. Robertson, 262 U.S. 209, 43 S.Ct. 541, 67 L.Ed. 953; United States ex rel. Baldwin Co. v. Robertson, 265 U.S. 168, 179, 44 S.Ct. 508, 68 L.Ed. 962; and Loughran v. Quaker City Chocolate & Confectionery Co., 3 Cir., 296 F. 822, 825 and other cases. The cases cited by defendant involve substantive and procedural issues and do not bear on the recovery of attorneys' fees by a prevailing party in litigation involving either trade-mark or patent law.

The Court believes that defendant's proposition that the patent statute should permit the recovery of an attorneys' fee in a trade-mark case is fully answered by the fact that in 1946, Congress enacted a new trade-mark statute, 15 U.S.C.A. § 1051 et seq., without including therein a provision for the recovery of attorneys' fees by a prevailing party in litigation involving trade-mark law.

The rule applicable to the recovery of attorney's fees as costs in trade-mark cases is stated in Callman, "Unfair Competition and Trade Marks", Vol 2, page 1545: " * * * both in federal and state courts, it is well established in law and almost uniformly settled in equity that counsel fees can not be recovered. Exceptions are recognized if there is an agreement to the contrary, or statutory sanction, e. g., where

costs are recoverable in specific cases. This has been allowed in actions to enforce orders of the Interstate Commerce Commission, and in suits based on violation of the Copyright or Anti-Trust laws. But counsel fees incurred by the plaintiff in an action for trade-mark infringement are not recoverable. Courts have also refused to include counsel fees in the treble damages allowed by statute, because the right to relief for infringement of trade-marks existed independent of, and did not arise out of, the federal statute. The treble damages permitted under federal statute are in the nature of exemplary damages (United States v. Bernard, 9 Cir., 1913, 202 F. 728; Oneida Community v. Oneida Game Trap. Co., 1915, 168 App.Div. 769, 154 N.Y.S. 391; Winthrop Chemical Co. v. Blackman, 1936, 159 Misc. 451, 288 N.Y.S. 389, and, in equity, such damages were never awarded."

The foregoing rule was applied in a suit for trade-mark infringement in the case of Reconstruction Finance Corp. v. J. G. Menihan Corp. et al., D.C., 42 F.Supp. 244. There, as in the instant case, a prevailing defendant requested an allowance of attorneys' fees as costs. In denying the motion, the court said, 42 F.Supp. at pages 244-245:

"The practice in equity of granting extra allowances in appropriate cases has its authority in the power of the Court to do equity between the parties. Its use is exceptional. 'In any event such allowances are appropriate only in exceptional cases and for dominating reasons of justice. * * *' Sprague v. Ticonic National Bank, 307 U.S. 161, 167, 59 S.Ct. 777, 780, 83 L.Ed. 1184. * * *

"The ground of defendants' application is that the suit was vexatious in that gross charges of fraud and misconduct were falsely made against the defendants and not sustained. * * * The plaintiff claimed that such use was wrongful, that the trade-marks and trade-names were the property of the plaintiff and that the use by the defendants was deliberate and with the intent to fraudulently appropriate to themselves the good-will of the business acquired by the plaintiff and to take advantage of the celebrity in the shoe business of plaintiff's trade-marks and trade-names. * * * The Court * * * dismissed the complaint on the merits. The question was fairly debatable. The suit was not vexatious. The plaintiff had no ulterior motive in bringing it. The issues were tried with due dispatch. There is nothing in the record to indicate that the suit was not brought in good faith to protect what the officers of the plaintiff thought were valuable assets acquired by it in an honest attempt to recoup the loss it had sustained on the loan on which the Menihan Company had defaulted. The charges of fraud and misconduct, unproved as the Court held, may not be deemed to be such as would warrant the granting of an extra allowance. Equitable considerations do not require it.

"I find nothing in the opinion of the Circuit Court of Appeals reversing the order of this Court to indicate, as counsel for defendants suggests in the briefs filed, that its prior ruling in Gold Dust Corporation v. Hoffenberg, 2 Cir., 87 F.2d 451, 454 is to be viewed as obsolete. I take it to be the rule as stated there 'that counsel fees will not usually be allowed against an unsuccessful litigant'. That seems to be consistent with the view expressed in Sprague v. Ticonic National Bank, supra "

Also see Gold Dust Corporation v. Hoffenberg et al, 2 Cir., 87 F.2d 451.

The issues involved in the instant case were tried and disposed of on their merits, both in this court and in the United States Court of Appeals for this circuit. The issues were tried with due dispatch and there is no evidence indicating bad faith or vexatious tactics on the part of the plaintiff.

Denial of defendant's motion for reasonable attorneys' fees will be in accord with the rule applied in the foregoing cases and also with the rule in Illinois, as stated in Ritter v. Ritter, 381 Ill. 549, at page 553, 46 N.E.2d 41, at page 43, where the court said:

"The rule is also well established that attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party in the absence of a

statute, or in the absence of some agreement or stipulation especially authorizing the allowance thereof, and this rule applies equally in courts of law and in courts of equity. Constant v. Matteson, supra [22 Ill. 546]; Conwell v. McCowan, supra [53 Ill 363]; Hutchinson v. Hutchinson, supra [152 Ill. 347, 38 N.E. 926]; Rasch v. Rasch, 278 Ill. 261, 115 N.E. 871; Kinane v. Fay, 111 N.J.L. 553, 168 A. 724; Weinhagen v. Hayes, 179 Wis. 62, 190 N.W. 1002; Day v. Woodworth, 13 How. 363, 14 L.Ed. 181. * * *

"It may be that the statutory costs awarded to a successful plaintiff are inadequate to compensate him for the injury caused by the defendant's wrongful conduct, but the question of the amount of costs which are to be allowed the successful party and the items of expense to be included therein is a question to be determined by the legislature and not by the courts. Smith v. Michigan Buggy Co. 175 Ill. 619, 51 N.E. 569, 67 Am.St.Rep. 242; Potts v. Imlay, 4 N.J.L. 330, 7 Am.Dec. 603."

Therefore, defendants' motion for an allowance of attorneys' fees as a part of its costs in this proceeding will be and is denied.