## CENTURY DISTILLING CO. v. CONTINENTAL DISTILLING CORP.

### No. 9789.

United States District Court,
E. D. Pennsylvania.

Nov. 13, 1951.

See also, D. C., 89 F.Supp. 684.

40.

Joseph S. Clark, Jr., Philadelphia, Pa., for plaintiff.

Leonard L. Kalish, Robert T. McCracken, Philadelphia, Pa., for defendant.

Richard J. Partridge, Philadelphia, Pa., Master.

KIRKPATRICK, Chief Judge.

In this action, based upon trade-mark infringement, the master's report recommending that the final decree should include a direction to Century "to pay the cost of this inquiry" was confirmed, and the matter is now before the Court upon the question whether Continental's counsel fees and other expenses incurred in this litigation should be included, in whole or in part, as part of the costs.

In Gold Dust Corporation v. Hoffenberg, 2 Cir., 87 F.2d 451, 453, the Court said that, although the giving or withholding of costs, their apportionment and division is a matter of discretion, "the allowance of costs has with practical uniformity been restricted to those authorized by the fee bill * * or by some other statutory provision. * * Where no federal statute is applicable, the federal courts resort to the statutes and the practice of the state. * * * Both in federal and state courts it is established in actions at law and almost uniformly settled in equity cases that counsel fees may not be recovered."

In Hackett and Hackett v. Hackett, 104 Pa.Super. 353, 356, 159 A. 226, 227, "This is not an open question in Pennsylvania, notwithstanding contrary decisions in other jurisdictions. * * * Over and over again we have decided there can be no recovery 'for counsel fees from the adverse party to a cause, in the absence of express statutory allowance of the same."

In Blum v. William Goldman Theatres, 3 Cir., 164 F.2d 192, the Circuit Court of Appeals for this circuit decided that counsel fees could not be recovered *as an item of damages*. In that case the action was for maliciously procuring a breach of the plaintiff's contract with a third party and the counsel fees disallowed included those necessarily expended by the plaintiff in enforcing his contract against the third party —a better state of facts for allowance of counsel fees than those in the present case.

I find no decision authorizing the allowance *as costs* to a party of his counsel fees incurred in the litigation in which costs have been awarded him, with the exception of cases in which a class of beneficiaries which has benefited by the litigation has been required, under the form of an allowance of costs, to share the expenses incurred by the party who carried on the litigation from which all benefited.

I find no decision which authorizes the recovery of counsel fees, *as damages,* by the injured party in a trade-mark infringement case with the exception of Aladdin Mfg. Co. v. Mantle Lamp Co. of America, 7 Cir., 116 F.2d 708, 717. In that case the Court found that the infringement was not only wilful but fraudulent, in fact so grossly fraudulent as to justify the imposition of exemplary damages. The Court allowed counsel fees as compensatory damages but was moved, by the defendant's conduct, to say that the plaintiff was "entitled to compensatory damages and in addition such limited exemplary damages as the facts and circumstances justify" and then said that the total damage, including "the injury to appellant's business and its good name, the nullification of its advertising, and all other elements, both compensatory and exemplary, amounted to not less than $25,000 and not in excess thereof, in addition to the expenditures incurred in litigation. Indeed we believe the evidence sustains the allowance of this sum purely as compensatory damages. We are not inclined to approve

further punitive damages in view of the punishment meted out in the contempt proceedings."

The Aladdin case does hold that the Court in a trade-mark case has discretion to award counsel fees as compensatory damages, but, certainly, even if that ruling is sound, the discretion must be confined within the limits set by the almost uniform trend of judicial decision, and is not to be exercised except in the most exceptional circumstances. I am not sure that I would be able to follow the Aladdin case if the question were squarely presented here. But it is not. In this case, although the plaintiff's conduct was wilful in the sense that it was not innocent or inadvertent, it was not (and I have so found) fraudulent. There were no circumstances of palming off or express malice, and no deliberate attempt to destroy the defendant's business. The worst that can be said about the plaintiff's conduct is that it mistook its legal rights and stubbornly clung to its ill-advised course of conduct after it became apparent that it would be wiser to give it up. I, therefore, disallow the defendant's claim for counsel fees as well as its claim for other expenses of litigation and limit the allowance of costs to those authorized by the fee bill.