The **AMERICAN AUTOMOBILE ASSO-CIATION (Incorporated)** and **Automobile Club of New York, Inc.**, Plaintiffs,

v.

**Murray SPIEGEL**, doing business as **Lake Service Station**, Defendant.

Civ. 10516.

United States District Court,
E. D. New York.

Feb. 15, 1955.

Kissam & Halpin, New York City, for plaintiffs, James H. Halpin, New York City, of counsel.

Rubinton & Coleman, Brooklyn, N. Y., for defendant, Lester M. Rosenbloom, Brooklyn, N. Y., of counsel.

RAYFIEL, District Judge.

The plaintiffs moved under Rule 41 (a) (2) of the Federal Rules of Civil Procedure, 28 U.S.C.A., for the voluntary dismissal of this action. The defendant asks that the plaintiffs be required to pay him, in addition to the costs provided by section 1920, of Title 28 U.S.C., counsel fees in the sum of $15,000 and disbursements aggregating $1,904.68. The plaintiffs seek to limit the costs to those prescribed by statute. In fact they now claim that the voluntary dismissal was to be conditional upon such limitation. I disagree. It is the Court's recollection that the motion was made unconditionally. The Court granted it and reserved its decision of the question of allowance for counsel fees and disbursements.

██ This action is based on an alleged infringement of trade-marks. The plaintiffs contend that in the absence of statute counsel fees may not be recovered by the successful party in such an action. That point is without merit. The law is well settled that the granting of counsel fees and expenses "in appropriate situations is part of the historic equity jurisdiction of the federal courts." Sprague v. Ticonic Nat. Bank, 307 U.S. 161, at page 164, 59 S.Ct. 777, 779, 83 L.Ed. 1184. Judge Booth, in the case of Guardian Trust Co. v. Kansas City Southern Ry. Co., 8 Cir., 28 F.2d 233, 234, discussed the subject exhaustively and came to the conclusion that historically courts of equity had the jurisdiction to award costs "as between solicitor and client", against persons bringing vexatious suits.

The plaintiffs, in their memorandum, have cited Gold Dust Corp. v. Hoffenberg, 2 Cir., 87 F.2d 451; Philco Corporation v. F. & B. Manufacturing Co., D. C., 86 F.Supp. 81, and Reconstruction Finance Corp. v. J. G. Menihan Corp., 312 U.S. 81, 61 S.Ct. 485, 85 L.Ed. 595, Id., D.C., 42 F.Supp. 244, to support their contention. In each of these cases the Court expressed the opinion that the giving or withholding of additional costs is a matter of discretion. In the Menihan case, supra, Chief Justice Hughes said, 312 U.S. at page 85, 61 S.Ct. at page 487, "The payment of costs by the unsuccessful litigant, awarded by the Court in the proper exercise of the authority it possesses in similar cases, is manifestly such an incident. (of success)

*The additional allowance made by courts of equity in accordance with* sound equity practice is likewise such an incident." (Emphasis and matter in parenthesis added.) Upon remand of that case to the District Court, Judge Burke granted only statutory costs.

■ The Court should exercise its discretion to grant counsel fees and expenses with great care. The weight of authority is against the granting thereof save in exceptional cases. Gold Dust Corporation v. Hoffenberg, supra, R. F. C. v. Menihan, supra. Judge Kirkpatrick, in the case of Century Distilling Co. v. Continental Distilling Corp., D.C., 102 F.Supp. 39, at page 41, affirmed 3 Cir., 205 F.2d 140, indicated some of the matters which he considered in passing upon an application for counsel fees and expenses when he said: "The Aladdin case [Aladdin Mfg. Co. v. Mantle Lamp Co., 7 Cir., 116 F.2d 708] does hold that the Court in a trade-mark case has discretion to award counsel fees as compensatory damages, but, certainly, even if that ruling is sound, the discretion must be confined within the limits set by the almost uniform trend of judicial decision, and is not to be exercised except in the most exceptional circumstances. I am not sure that I would be able to follow the Aladdin case if the question were squarely presented here. But it is not. In this case, although the plaintiff's conduct was wilful in the sense that it was not innocent or inadvertent, it was not (and I have so found) fraudulent. There were no circumstances of palming off or express malice, and no deliberate attempt to destroy the defendant's business. The worst that can be said about the plaintiff's conduct is that it mistook its legal rights and stubbornly clung to its ill-advised course of conduct after it became apparent that it would be wiser to give it up. I, therefore, disallow the defendant's claim for counsel fees as well as its claim for other expenses of litigation and limit the allowance of costs to those authorized by the fee bill."

The claim of the defendant in the case at bar for counsel fees and disbursements has even less justification than that advanced in the case of Century Distilling Co. v. Continental, supra.

■ The plaintiffs commenced fifteen actions for trade-mark infringement, including the case at bar, against fifteen different distributors of gasoline products. The defendants in ten of those cases consented to decrees granting injunctive relief against them. Summary judgment was granted in another. Four of the actions are still pending. In the instant case one of the judges of this court granted a preliminary injunction restraining the use of the allegedly offending trade-mark. Another judge of this court granted summary judgment in favor of the plaintiff. That decision was reversed and the case remanded to the district court for trial.

Obviously, then, there was a basis for the plaintiffs' belief that they had a good cause of action against the defendant.

The defendant, claiming that the plaintiffs have known since November, 1951, that he had removed the infringing sign and sold his business, contends that they should have discontinued the action a long time ago. Yet it was not until two weeks after Judge Byers had granted plaintiffs' motion for summary judgment, to wit, on November 27, 1951, that the defendant communicated with Judge Byers, informing him of the fact that he had surrendered "operation and control of the gasoline station" and had removed "the particular sign in question." He did not, however, request plaintiffs' counsel not to enter an order or decree. On the contrary, the letter to Judge Byers specifically stated that it was the defendant's understanding that his right to appeal was not prejudiced. The decree of Judge Byers provided for a money judgment. The appeal was not determined until June 25, 1953.

It should be noted also that the bulk, if not all of the counsel fees and disbursements were paid, not by the defendant,

but by trade associations not parties to the action.

For the foregoing reasons the defendant's application for counsel fees and disbursement is denied. Costs will be allowed as provided by statute.